*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERICA DEAS,

Plaintiff-Appellee,

v

HARTMAN AND TYNER, INC.,
doing business as POINTE O'WOODS
APARTMENTS,

Defendant-Appellant.

UNPUBLISHED
April 25, 2019

No. 340068
Oakland Circuit Court
LC No. 2016-155557-NO

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

In this slip-and-fall action, defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition under the open-and-obvious doctrine. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff was a tenant at defendant's apartment complex. When plaintiff signed the lease for her apartment, she also purchased the right to use a parking spot covered by a carport near her apartment. Plaintiff moved into the apartment in October 2013 and regularly parked in the carport, accessing the carport at least twice per day during the workweek. Plaintiff alleges that she slipped and fell on a patch of snow and ice underneath this carport on two consecutive days in January 2014. Plaintiff could not remember the specific days of the incidents, only that they occurred on consecutive days.

---

[1] See *Deas v Hartman Tyner, Inc*, unpublished order of the Court of Appeals, entered February 22, 2018 (Docket No. 340068).

Plaintiff testified that there had been snow and ice visible in the parking lot for at least a week before the incidents. On the morning of the first fall, plaintiff's car was backed into her spot in the carport near one of the carport's poles. Plaintiff testified that she was aware of slippery conditions by this pole and that she had previously observed snow and ice under the carport. Plaintiff walked across the parking lot to the passenger side of her car, intending to place her belongings there. As she was putting her belongings into her car, she slipped on a patch of snow covered with ice near the pole, twisting her ankle in the process. Plaintiff admitted in her deposition testimony that, had she put her belongings in the backseat of her car on the driver's side, she would have avoided the icy area near the pole. After she fell, plaintiff got into her car and drove to work. She informed the apartment complex of her fall later that day, and the apartment complex indicated that the ice could have been in a low spot of the parking lot where the pavement had sunk.

Plaintiff returned her car to the carport that night, backing into her spot. The next morning plaintiff again walked to the passenger side of her vehicle to place her belongings there. Plaintiff testified that she was "very careful" where she was walking and that she "stepped on that one particular area"—meaning the spot near the pole—and slipped on the ice, bumping her leg in the process, though she did not fall to the ground.

Plaintiff did not seek medical attention for her injuries until October 2014, at which time she was allegedly informed that she had several injuries to the ligaments in her leg. Shortly thereafter, plaintiff sued defendant pleading, *inter alia*, a count of premises liability. After discovery, defendant moved for summary disposition on plaintiff's premises-liability claim, asserting that the allegedly dangerous condition was open and obvious. The trial court concluded that a question of material fact existed as to whether the condition was open and obvious because the carport did not have any lighting. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that it was entitled to summary disposition on plaintiff's premises-liability claim because the allegedly dangerous condition was open and obvious. "We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; ___ NW2d ___ (2018). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 294. "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 230; 731 NW2d 112 (2006).

A plaintiff alleging a premises-liability claim must establish that (1) the defendant owed her a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013). "[A] tenant is an invitee of the landlord." *Benton v Dart Props*, 270 Mich App 437, 440; 715 NW2d 335 (2006). A landlord owes an invitee a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

The landlord, however, is "not an absolute insurer of the safety of an invitee." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (internal citation and quotation marks omitted). "The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard." *Lymon v Freedland*, 314 Mich App 746, 757-758; 887 NW2d 456 (2016) (internal citation and quotation marks omitted). "Whether a danger is open and obvious involves an objective inquiry to determine whether it is reasonable to expect that an average person with ordinary intelligence would have discovered the danger upon casual inspection." *Id*. at 758 (internal citation, quotation marks, and brackets omitted).

The open-and-obvious doctrine is predicated on the strong public policy that "people should take reasonable care for their own safety" and precludes the imposition of a duty on the landlord to take extraordinary measures to keep people safe from reasonably-anticipated risks. *Buhalis*, 296 Mich App at 693-694 (internal citation and quotation marks omitted). Thus, when "the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id*. at 693 (internal citation and quotation marks omitted). The open-and-obvious doctrine is not an exception to the duty owed by a landlord, but an integral part of that duty, and its application is a question of law for the court to decide. *Id*.

"Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Estate of Trueblood v P&G Apartments, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 340642); slip op at 5 (internal citation and quotation marks omitted). We see no reason to break from this precedent in this case. Plaintiff testified that snow and ice were present in the parking lot for at least a week before her falls. See *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967 (2017) ("[T]he presence of wintery weather conditions and of ice on the ground elsewhere on the premises rendered the risk of a black ice patch open and obvious such that a reasonably prudent person would foresee the danger of slipping and falling.") (internal citation and quotation marks omitted).[2] Indeed, plaintiff testified that she was aware that snow and ice had previously been present in the carport and that, *on the day of her first fall*, she was aware that there were slippery conditions in the carport. Additionally, we must point out that plaintiff fell in the same location on two consecutive days. It stands to reason that, after falling the first day, plaintiff was aware of the potential hazard in the carport. Accordingly, we conclude that the ice and snow upon which plaintiff fell was an open-and-obvious danger.

---

[2] See also *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010) (concluding that icy conditions "are open and obvious when there are indicia of a potentially hazardous condition, including the specific weather conditions present at the time of the plaintiff's fall") (internal citation and quotation marks omitted); *Estate of Trueblood*, ___ Mich App at ___; slip op at 5-6 (same); *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008) (same).

That the danger was open and obvious, however, does not end our inquiry. Rather, summary disposition is appropriate only when the open-and-obvious danger does not involve any "special aspects" that create an "unreasonable risk of harm." *Lymon*, 314 Mich App at 758 (internal citations and quotation marks omitted). "Two instances that can constitute special aspects include when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable* because these conditions give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided." *Id*. at 758-759 (internal citation and quotation marks omitted). It is the plaintiff's burden to demonstrate that a genuine issue of material fact exists as to whether any special aspects were present. *Id*. at 759.

Plaintiff argues that special aspects exist because the carport did not have lighting and, therefore, a tenant would be incapable of conducting an inspection of the premises. We disagree. Again, we point out that plaintiff testified that she was actually aware of the ice in the carport. Moreover, our Supreme Court has already concluded that, when wintery conditions are present elsewhere on the property, a lack of adequate lighting is insufficient to preclude the application of the open-and-obvious doctrine. *Ragnoli*, 500 Mich 967. Moreover, plaintiff specifically stated that she could see the snow and ice on the ground under the carport, thereby undermining her claim that inadequate lighting prevented her from conducting an inspection of the premises upon which she fell. Accordingly, we conclude that the lack of lighting does not constitute a "special aspect."

Additionally, we conclude that the ice was not effectively unavoidable. "[T]he standard for effective unavoidability is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Hoffner v Lanctoe*, 492 Mich 450, 468-469; 821 NW2d 88 (2012). Plaintiff testified that she chose to back her vehicle into the carport and chose to place her belongings in the passenger side of her car on both occasions, despite being aware of the ice near the pole. Plaintiff admitted that, had she placed her belongings in the backseat on the driver's side of her car, she would have avoided the ice upon which she fell.

Therefore, there were no special aspects which would preclude the application of the open-and-obvious doctrine. Thus, we conclude that the trial court erred by denying defendant's motion for summary disposition.[3]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kathleen Jansen

---

[3] Given our conclusion that defendant was entitled to summary disposition under the open-and-obvious doctrine, we need not address defendant's arguments regarding notice.