*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYREKA HASSEN,

        Plaintiff-Appellant,

v

ANESHA HOPSON,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2022

No. 358851
Kent Circuit Court
LC No. 21-002416-NO

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On January 31, 2021, plaintiff made a social visit to defendant's home. While leaving the home after dark, she fell while descending the stairs from defendant's back door, injuring her ankle. Plaintiff filed a premises liability complaint alleging that defendant breached her duty to keep her property safe for visitors. Plaintiff also alleged a breach of duty under an ordinary negligence theory, asserting that violations of building codes pertaining to defendant's property were evidence of defendant's negligence.

Plaintiff testified at her deposition that she had been to defendant's house multiple times while visiting Grand Rapids. As a former resident of Michigan (although then living in Ohio), plaintiff agreed that she was familiar with winter conditions in the state.

Defendant's back stairs, which were often used by defendant's social guests, consisted of approximately five steps, with a handrail on one side and the house on the other. A motion-activated light was present at the top of the steps by the back door, but vigorous motion was required for the sensor to work and activate the light. Plaintiff testified that she had visited defendant's home the evening before she slipped, and had used the stairs to the back door, although plaintiff stated that she had not used the handrail. Plaintiff had no trouble traversing the stairs that day.

Plaintiff further testified that when she drove her car into defendant's driveway the next day, she saw defendant shoveling snow at the front of the home. Plaintiff recalled that fresh snow had fallen since the night before, and she could see that the back steps had spots of snow on them. When plaintiff left defendant's home a few hours later, it was dark outside. Plaintiff followed behind defendant while exiting, and plaintiff slipped on the steps. Plaintiff said that she instinctively grabbed the railing when she slipped, but that the railing was "wobbly" and she lost her grip of it. Defendant's exterior light had not turned on, so plaintiff could not see what she had slipped on. Defendant was able to turn the exterior light on, then said, "[O]h, it was a piece of ice that I missed." Defendant testified that she had salted that day and that she routinely shoveled and salted twice a day because of ice buildup from the gutterless roof.

In response to plaintiff's claims, defendant moved for summary disposition under MCR 2.116(C)(10). The trial court granted defendant's motion, holding that the case sounded only in premises liability, and that because plaintiff was a licensee on defendant's property, defendant owed no duty to warn her of dangers that plaintiff would know or have reason to know existed. Further, the trial court held that, even if it could consider the building code violations alleged by plaintiff as evidence of defendant's negligence, the open and obvious danger doctrine would still bar the ordinary negligence claim. The trial court rejected plaintiff's argument that the ice on defendant's steps presented any special aspects that would make it effectively unavoidable or otherwise unreasonably dangerous. Finally, the trial court noted that even though defendant owed no duty to plaintiff to keep the premises safe from hidden dangers, defendant had still taken steps to shovel snow and apply salt before plaintiff's second visit.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120 (citation omitted). If the movant meets her initial burden of supporting her position that no genuine issue of material fact exists, the burden shifts to the nonmoving party to establish otherwise. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006), citing *Quinto*, 451 Mich at 362. See also MCR 2.116(G)(4). A trial court may not make findings of fact or credibility when deciding a motion for summary disposition. *Arbelius v Poletti*, 188 Mich App 14, 18; 469 NW2d 436 (1991). However, "the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial." *Id*.

A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine

issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell,* 273 Mich App at 229.

## III. PREMISES LIABILITY

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition on her premises liability claim. We disagree.

Premises liability is recognized as its own variety of a negligence claim in Michigan. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). The elements of negligence still form the basis of a premises liability action: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).

The particular duty owed by a property owner to a person on the property is determined by the person's status on the property as an invitee, licensee, or trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). An invitee is one who enters an owner's property for a commercial purpose. *Id*. at 607. On the other hand, "[a] 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Id*. at 596. "Typically, social guests are licensees who assume the ordinary risks associated with their visit." *Id*. The parties agree in this case that plaintiff was a licensee on defendant's property because she was visiting a friend in a social capacity, not for any business purpose.

Property owners owe only a limited duty to a licensee. *Campbell*, 273 Mich App at 236. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Stitt*, 462 Mich at 596. Beyond that limited duty, however, property owners have "no affirmative duty to inspect the premises or to make the premises safe for licensees." *Blackwell v Franchi*, 502 Mich 918, 919 (2018). Even when property owners owe a higher duty of care to invitee visitors, the owner's duty does not require that the landowner make the premises absolutely foolproof. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995).

In this case, plaintiff was a licensee, a social visitor at defendant's home. Plaintiff argues that defendant had an affirmative duty to protect plaintiff by removing snow, applying salt, and checking her house for hazards. However, because plaintiff was a licensee, defendant was only required to warn plaintiff of any hidden dangers, the existence of which plaintiff would not know or have reason to know. Plaintiff testified that she was familiar with winter conditions in Michigan, having lived in the state before moving to Ohio. Plaintiff's familiarity with Michigan winters would give her reason to know that outdoor steps, particularly those that have patches of snow visible on them, could also harbor ice or otherwise be slippery. See *Campbell*, 273 Mich App at 229, 236. Moreover, plaintiff testified that she was familiar with the steps in question, and could see "spots of snow" on defendant's steps before using them.

Plaintiff argues, however, that the trial court erred because the totality of the conditions surrounding defendant's back stairs, including the lack of light, lack of gutters, and a wobbly

railing, created a unique situation that rendered the snow and ice a hidden danger that defendant should have warned plaintiff about or abated. We disagree.

In *Hoffner v Lanctoe*, 492 Mich. 450, 464; 821 NW2d 88 (2012), our Supreme Court held:

[I]t is . . . well established that wintry conditions, like any other condition on the premises, may be deemed open and obvious. Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger.

Plaintiff contends that even if the snow and ice alone would be considered open and obvious, those conditions coupled with the nonfunctioning light, lack of gutters, and a wobbly railing created a situation that rendered the steps a hidden danger and, therefore, not subject to an open and obvious danger analysis. However, just as plaintiff was aware of winter conditions in Michigan, plaintiff was at least minimally aware of the conditions surrounding defendant's back steps generally, including the lack of lighting, as she had traversed the steps successfully in the same or similar conditions that day and the day before. Even with that awareness, plaintiff testified that she was not looking down to watch her step, nor was she holding the rail before she slipped. Further, even if the lack of gutters resulted in the formation of ice, ice on the ground is still a normal condition of winter in Michigan of which plaintiff knew or had reason to know.

Because plaintiff had reason to know of the danger posed by snow and ice on the stairs, defendant did not breach her duty and plaintiff cannot prevail on a claim of negligence under a theory of premises liability. *Benton v Dart Props, Inc*, 270 Mich App at 440. Because plaintiff had reason to know that snow and ice could make steps slippery, we need not decide whether the presence of snow and ice rendered the danger open and obvious; however, the trial court did not err by determining that the alleged hazard was not a hidden one of which plaintiff would not know or have reason to know.

We also find without merit plaintiff's argument that the trial court improperly made findings of fact and assessed credibility when it granted defendant's motion for summary disposition under MCR 2.116(C)(10). A trial court must assess the facts of the case as presented, in order to make its decision to grant or deny summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "[T]he court's task is to review the record evidence, *and all reasonable inferences therefrom*, and decide whether a genuine issue of any material fact exists to warrant a trial." *Id*. (emphasis added).

In this case, plaintiff has failed to show that the trial court made improper inferences for or against either party on the basis of the evidence presented. Plaintiff herself agreed that she was a licensee on defendant's property. She also testified that she could see snow on defendant's steps before using them, and that she was familiar with winter conditions in Michigan. Viewing these additional facts in the light most favorable to plaintiff, plaintiff fails to establish the existence of a duty that defendant breached. Because plaintiff was a licensee at defendant's home, defendant owed no affirmative duty to her to inspect the premises for observable dangers or to make the steps safer.

-4-

## IV. ORDINARY NEGLIGENCE

Plaintiff also argues that the trial court erred by determining that her claim sounded only in premises liability, rather than also in ordinary negligence; further, plaintiff argues that she presented evidence that defendant had violated several building codes, and these violations supported her ordinary negligence claim. We disagree.

"Courts are not bound by the labels that parties attach to their claims." *Buhalis*, 296 Mich App at 691. Further, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. (quotation marks and citation omitted; alteration in original).

In Michigan, the law distinguishes between claims arising from ordinary negligence and those of premises liability. *Id*. at 692. The difference lies in the first element of negligence, the duty owed by the defendant to the plaintiff. *Id*. When that duty concerns land, the standard of care arises by virtue of the defendant's ownership in the land and the claim sounds in premises liability, not ordinary negligence. *Id*. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; *this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury*." *Id*. (emphasis added), citing *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001).

Of course, claimants may bring separate claims of premises liability and ordinary negligence that stem from separate bases. *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005).

> In a negligence case, the theory of liability determines the nature of the duty owed and whether the open and obvious danger doctrine is applicable.
>
> In a premises liability claim, liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land. However, that does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct . . . . [*Id*.]

However, a single set of facts might not support multiple theories of negligence. *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 14; 930 NW2d 393 (2008).

In this case, plaintiff's theory of defendant's liability clearly emanated from defendant's duty as an owner, possessor, or occupier of land. *Laier*, 266 Mich App at 493. Plaintiff argues that defendant owed her an independent statutory duty that she breached by violating certain building codes concerning the maintenance of the exterior of her home. We disagree. The statutory duties created by the Michigan Housing Code, see, e.g., MCL 554.139(1)(a) and (b), "establish duties of a lessor or licensor of residential property to the lessee or licensee of the residential property, most typically of a landlord to a tenant. By the terms of the statute, the duties exist between the contracting parties." *Mullen v Zerfas*, 480 Mich 989, 989-990 (2007). Plaintiff has not presented authority to support the conclusion that city building codes or administrative rules create an independent duty on behalf of a homeowner that extends to social guests and other licensees.

In this case, defendant owed no contractual or statutory duty directly to plaintiff, a licensee. The trial court did not err by determining that common-law premises liability principles applied to plaintiff's claims. See *Id.* at 990 ("The defendant landlord did not have a duty under MCL 554.139(1) to the plaintiff, a social guest of the tenant. On remand, the circuit court must decide the defendant's motion for summary disposition under common law premises liability principles."). The court therefore properly granted summary disposition in favor of defendant on plaintiff's claim of ordinary negligence.

Affirmed.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien