**GORE**

v.

**OHIO DEPARTMENT OF TRANSPORTATION.**

2002-Ohio-4263.]

Court of Claims of Ohio.

No. 98–09559.

Decided Aug. 15, 2002.

Daniel N. Abraham and Michael F. Colley, for plaintiff.

Betty D. Montgomery, Attorney General, and Michael J. Valentine, Assistant Attorney General, for defendant.

---

FRED J. SHOEMAKER, Judge.

{¶ 1} By agreement of the court and counsel, this case was submitted on simultaneous cross-motions for summary judgment. On June 28, 2002, the parties filed their motions pursuant to Civ.R. 56. On July 12, 2002, plaintiff filed a memorandum contra defendant's motion and on July 15, 2002, defendant filed a memorandum contra plaintiff's motion. The matter is now before the court for determination.

{¶ 2} Civ.R. 56(C) states:

{¶ 3} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being éntitled to have the evidence or stipulation

construed most strongly in the party's favor. * * * " See, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 4} The facts of this case are not in dispute. On September 24, 1996, plaintiff was traveling in the rear of a limousine on I–270 in Sharon Township, Ohio, when a piece of rubber shattered the rear driver's-side window and struck her in the head. The rubber had been kicked up by a mower that was being used to cut grass in the median. Plaintiff sustained permanent injuries from the rubber and shards of glass from the window. The mowing work was being performed by an independent contractor, Buckeye Interstate Contracting, Inc. ("Buckeye").

{¶ 5} The Ohio Department of Transportation ("ODOT") had contracted with Buckeye in February 1996 to perform mowing work at various locations along I–270 during growing season. The contract provided for a maximum of four mowings, although only three were performed during the 1996 season. The contract with Buckeye specified that movable objects "be removed from the mowers [sic] path by the Contractor." ODOT had no contractual duty to clear debris from the areas to be mowed by Buckeye. However, ODOT did routinely clear debris from the mowing areas, primarily for aesthetic purposes. While debris in a median is not in itself inherently dangerous, if a mower runs over a large object, pieces of that object may be propelled in the direction of traffic. In an effort to eliminate this possibility, ODOT specifically required that such objects be removed by any independent contractor, for which the contractor would be compensated. In this instance, ODOT did not clear debris from the mowing site. The parties agree that the subcontractor's negligent failure to clear the piece of rubber from the median proximately caused plaintiff's injuries. The sole question before the court is whether ODOT is also liable for said injuries.

{¶ 6} The general rule of law is that an employer is not liable for the negligent acts of an independent contractor. *Pusey v. Bator* (2002), 94 Ohio St.3d 275, 762 N.E.2d 968. However, "[o]ne who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger." *Bohme, Inc. v. Sprint Internatl. Communications Corp.* (1996), 115 Ohio App.3d 723, 736, 686 N.E.2d 300, citing Restatement of the Law 2d, Torts (1965), Section 427. See, also, *Richman Bros. v. Miller* (1936), 131 Ohio St. 424, 6 O.O. 119, 3 N.E.2d 360. In *Pusey,* supra, the Supreme Court of Ohio explained that when work is inherently dangerous, "the employer

hiring the independent contractor has a duty to see that the work is done with reasonable care and cannot, by hiring an independent contractor, insulate himself or herself from liability for injuries resulting to others from the negligence of the independent contractor or its employees." Id. at 279–280, 762 N.E.2d 968. In other words, when a certain task is inherently dangerous, an employer becomes strictly liable for the negligence of a subcontractor in "failing to take precautions against the danger involved in the work itself, which the employer should contemplate at the time of his contract." Restatement of the Law 2d, Torts (1965), Section 427, Comment d.

{¶ 7} In determining whether ODOT is negligent, the question is whether mowing the grass on a median is an inherently or intrinsically dangerous activity. "Ohio courts have generally treated the issue of whether employment is inherently dangerous as a question of law to be determined by the court." *Tackett v. Columbia Energy Group Serv. Corp.* (Nov. 20, 2001), Franklin App. No. 01AP–89, 2001 WL 1463383. See, e.g., *Bond v. Howard Corp.* (1995), 72 Ohio St.3d 332, 650 N.E.2d 416; *Pusey*, supra, 94 Ohio St.3d at 275, 762 N.E.2d 968.

{¶ 8} The Supreme Court defined work as being inherently dangerous when it "creates a peculiar risk of harm to others unless special precautions are taken." Id. at 279, 762 N.E.2d 968. "[I]t is not necessary that the work be such that it cannot be done without a risk of harm to others, or even that it be such that it involves a high risk of such harm. It is sufficient that the work involves a risk, recognizable in advance, of physical harm to others, which is inherent in the work itself." Id. at 280, 762 N.E.2d 968, citing Restatement of the Law 2d, Torts (1965), Section 427, Comment b.

{¶ 9} Applying this standard to the undisputed facts found in the parties' memoranda, the court concludes that mowing grass in a median is not an inherently dangerous activity and that, as a matter of law, such activity does not create a peculiar risk of harm to others.

{¶ 10} Thus, defendant cannot be held strictly liable for the negligence of the independent contractor. *Pusey*, supra.

{¶ 11} Removing debris from the mower's path is a routine precaution, which any careful contractor could be expected to take in the exercise of ordinary care. ODOT has no duty to inspect all interstate medians throughout the state prior to mowing grass, nor is it practicable for the state to carry such a burden. In sum, ODOT is not liable for the injuries sustained by plaintiff. Accordingly, plaintiff's motion is DENIED, defendant's motion is GRANTED, and the case is DISMISSED.

Cause dismissed.

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.