CAMPBELL v KOVICH

Docket No. 269876. Submitted November 15, 2006, at Detroit. Decided
December 14, 2006, at 9:00 a.m.

Karie and David Campbell, individually and as next friends of Allison
and Caitlin Campbell, minors, brought an action in the Oakland
Circuit Court against Steven and Julie Kovich and Aston Minish,
asserting claims that included negligence and loss of consortium
after Karie was struck by an object alleged to have been ejected
from a lawn mower as Minish mowed the Koviches' lawn. The
court, John J. McDonald, J., granted the defendants summary
disposition. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court did not err by granting summary disposition
to Minish. There was insufficient evidence that Minish failed to
exercise reasonable care. Ordinary care requires that a person
mowing a lawn inspect the mower's path, which Minish did.
Minish was not required to exercise extraordinary care, such as
doing more than a brief inspection, avoiding mowing when other
persons were within 75 feet, mowing only under close supervision,
or looking anywhere but ahead of where he was going. The
evidence suggested that Minish exercised the requisite ordinary
care, but an accident of unclear causation occurred.

2. The trial court did not err by granting summary disposition
of the plaintiffs' premises-liability claims against the Koviches.
The plaintiffs did not present evidence of independent negligent
acts by the Koviches that had a causal connection to the accident.

3. The trial court did not err by ruling as a matter of law that
Minish was an independent contractor rather than the Koviches'
employee. A premises owner is generally not vicariously liable for
injuries that an independent contractor negligently causes. The
test for whether a worker is an independent contractor or an
employee is whether the worker has control over the method of his
or her work. If so, the worker is an independent contractor. There
was insufficient evidence that the Koviches retained control over
the method by which Minish would mow their lawn. While Steven
Kovich could have required Minish to mow the lawn in the way
Kovich saw fit if he became displeased with Minish's work, and

thus could have changed the relationship into an employer-employee relationship, there was no evidence that the Koviches actually exercised control over Minish's method of mowing. Further, Michigan does not recognize a cause of action for negligently hiring an independent contractor. Nor could the Koviches be liable for Minish's negligence under the retained-control doctrine because lawn mowing is not inherently dangerous.

4. The trial court correctly concluded that the Koviches did not breach a duty owed to Karie Campbell. Because she was a licensee on the sidewalk over their property, the Koviches had no duty to inspect the premises to determine whether there were hidden objects that a lawnmower might eject. Moreover, she was injured by a danger of which she had reason to know, the lawn mower, rather than a hidden danger of which the Koviches had a duty to warn licensees.

Affirmed.

NEGLIGENCE — DUTY OF CARE — LAWN MOWING.

Ordinary care in mowing a lawn requires inspection of a mower's path; lawn mowing is not an inherently dangerous activity, and a person mowing a lawn is not required to exercise extraordinary care.

*Galbraith and Booms* (by *Jeffrey E. Penzien* and *Steven B. Galbraith*) for Karie Campbell and others.

*Romain, Kuck & Egerer, P.C.* (by *Timothy E. Egerer* and *Douglas J. Curlew*), for Steven and Julie Kovich.

*Raftery, Janeczek & Hoelscher, P.C.* (by *James J. Raftery*), for Ashton Minish.

Before: WILDER, P.J., and KELLY and BORRELLO, JJ.

PER CURIAM. Plaintiffs Karie Campbell and David Campbell, individually and as next friends of plaintiffs Allison Campbell and Caitlin Campbell, minors, appeal as of right (1) an order granting summary disposition to defendants Steven Kovich and Julie Kovich and (2) an order granting summary disposition to defendant Ashton Minish. We affirm.

I

Karie was struck in the eye by an unknown, unre-covered object that she alleges was ejected from a lawn mower being operated by Ashton, who was mowing the Koviches' lawn. Plaintiffs' pleadings assert claims of negligence, negligent infliction of emotional distress, and loss of consortium. All defendants moved for sum-mary disposition under MCR 2.116(C)(10), which the trial court granted.

II

A motion made under MCR 2.116(C)(10) tests the factual support for a claim, *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003), and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A genuine issue of material fact exists when the record, drawing all reasonable infer-ences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When deciding a motion for summary disposi-tion under this rule, a court must consider in the light most favorable to the nonmoving party the pleadings, affidavits, depositions, admissions, and other documen-tary evidence then filed in the action or submitted by the parties. MCR 2.116(G)(5); *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999). But

such materials "shall only be considered to the extent that [they] would be admissible as evidence . . . ." MCR 2.116(G)(6); see also *Veenstra v Washtenaw Country Club*, 466 Mich 155, 163; 645 NW2d 643 (2002).

III

A

Plaintiffs first argue that the trial court erroneously concluded that there was insufficient evidence of causation in fact, i.e., that the object that struck Karie was ejected from the lawn mower. Assuming but not holding that causation exists, we conclude that summary disposition was nevertheless warranted because plaintiffs' arguments fail in other respects.

For example, plaintiffs contend that they presented sufficient evidence to establish that Ashton breached duties he owed in this case. We disagree.

The elements of a prima facie case of negligence are (1) a duty, (2) a breach, (3) injury or damages, and (4) causation. *Brown v Brown*, 270 Mich App 689, 693; 716 NW2d 626 (2006). For the reasons explained later, plaintiffs fail to establish a genuine issue of material fact on the element of breach. A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ. *West, supra* at 183.

The parties cite, and this Court has located, no Michigan authority specifically addressing what degree of care a person mowing a lawn must exercise. In *Gore v Ohio Dep't of Transportation*, 119 Ohio Misc 2d 138, 140; 774 NE2d 817 (Ohio Ct Cl, 2002),[1] a limousine passenger

---

[1] This Court is not bound by foreign decisions. *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 494 n 5; 686 NW2d 770 (2004).

brought an action against the Ohio Department of Transportation (ODOT) as the employer of an independent contractor that mowed grass on a highway median, alleging that ODOT was liable for injuries she sustained when a piece of rubber thrown from a mower struck her in the head. On ODOT's motion for summary judgment, the court held that ODOT was not liable for the independent contractor's negligence. *Id.* at 140-141. The court also reasoned that "[r]emoving debris from the mower's path is a routine precaution, which *any careful contractor could be expected to take in the exercise of ordinary care." Id.* at 141 (emphasis added). Thus, Ohio authority persuasively suggests that inspecting a mower's path is what ordinary care requires.

Adopting the Ohio requirement for ordinary care as our own, there is insufficient evidence that Ashton failed to exercise reasonable care. On September 14, 2004, before mowing the Koviches' lawn, Ashton inspected the lawn for a couple of minutes. Karie admitted that while Ashton was mowing the lawn, he was not doing anything unusual, but was merely pushing the lawn mower, and that he did not appear to be in a hurry and appeared to be watching where he was walking. Before Karie was struck, Ashton was watching the area in front of him, and he did not see anything in front of the lawn mower. Karie also acknowledged in her deposition that Ashton never acknowledged that he had mowed over anything. Under these facts, there is no genuine issue of material fact regarding whether Ashton exercised reasonable care in the operation of the lawn mower.

We reject plaintiffs' arguments that summary disposition was inappropriate because to do so would impose on Ashton a duty to exercise more care than is exercised by persons of ordinary prudence. Ashton was not re-

quired to exercise extraordinary care. *Case v Consumers Power Co*, 463 Mich 1, 5; 615 NW2d 17 (2000). Ordinarily prudent people, when mowing a lawn, do not go to such extraordinary lengths that they do more than a brief inspection of the lawn before mowing, avoid mowing altogether when other persons are within 75 feet, mow only under close parental supervision, or look anywhere but ahead of where they are going while mowing. The evidence suggests that Ashton exercised ordinary care, but an accident of unclear causation occurred. Viewing the evidence in a light most favorable to plaintiffs, reasonable minds could not disagree that Ashton exercised due care. Accordingly, the trial court did not err in granting summary disposition to Ashton.

B

Plaintiffs next argue that the trial court erred in granting summary disposition of the premises-liability claims against Steven and Julie Kovich because there was evidence of independent acts of negligence. We disagree. Plaintiffs do not present evidence of independent acts of negligence by the Koviches that had any causal connection to the accident.

" 'Proximate cause' is a legal term of art that incorporates both cause in fact and legal (or 'proximate') cause." *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). Causation in fact requires a but-for standard. *Wilkinson v Lee*, 463 Mich 388, 396-397; 617 NW2d 305 (2000). In other words, it requires a showing that, but for the negligent conduct, the injury would not have occurred. *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 496; 668 NW2d 402 (2003). Proximate cause "normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Skin-*

*ner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). Cause in fact requires more than a possibility of causation; while the evidence need not negate all other possible causes, it must exclude other reasonable hypotheses with a fair amount of certainty. *Craig, supra* at 87-88.

The fact that the Koviches knew nothing about Ashton before they hired him has not been shown to have any causal connection to the accident. The fact that the Koviches knew nothing about the lawn-mowing equipment Ashton would be using also has not been shown to have any causal connection to the accident. By the same token, the fact that the Koviches did not know how old Ashton was, or that he would be using a mower that the manufacturer recommended should not be used by minors absent close parental supervision, are also facts that have not been shown to have any causal connection to the accident. Therefore, we reject plaintiffs' argument that the trial court erred in dismissing their premises-liability claims based on alleged independent acts of negligence.

C

Plaintiffs next argue that the trial court erroneously ruled as a matter of law that Ashton was an independent contractor rather than an employee of the Koviches. We disagree.

"[A] premises owner who hires an independent contractor is generally not [vicariously] liable for injuries that the contractor negligently causes . . . ." *Ghaffari v Turner Constr Co*, 473 Mich 16, 24; 699 NW2d 687 (2005). "The rationale for this rule is that an independent contractor is not subject to the control of the employer, and therefore the employer should not be

held vicariously liable for actions outside its control."
*Janice v Hondzinski*, 176 Mich App 49, 53; 439 NW2d
276 (1989).

The test for whether a worker is an independent
contractor or an employee is whether the worker has
control over the method of his or her work: "If the
employer of a person or business ostensibly labeled an
'independent contractor' retains control over the
method of the work, there is in fact no contractee-
contractor relationship, and the employer may be vi-
cariously liable under the principles of master and
servant." *Candelaria v B C Gen Contractors, Inc.*, 236
Mich App 67, 73; 600 NW2d 348 (1999). In other words:
" ' "*An independent contractor is one who, carrying on
an independent business, contracts to do a piece of work
according to his own methods,* and without being sub-
ject to control of his employer as to the means by which
the result is to be accomplished, but only as to the result
of the work." ' " *Utley v Taylor & Gaskin, Inc*, 305 Mich
561, 570; 9 NW2d 842 (1943) (emphasis added; citations
omitted).

There is insufficient evidence that the Koviches re-
tained control over the method by which Ashton would
mow their lawn. Vince Minish, Ashton's father, testified
that, if Steven Kovich became displeased, he could
require Ashton to work in any way Steven deemed fit.
However, this evidence only suggests that Steven could
have dictated the methods of mowing the lawn *if he
became displeased.* In other words, Steven could have
changed a contractor-contractee relationship into a
master-servant (employer-employee) relationship *if he
became displeased.* There is no evidence that Steven
became displeased and attempted to exercise control
over Ashton's mowing (i.e., changed to a master-
servant relationship).

There is no evidence that the Koviches actually exercised control over the method by which Ashton mowed their lawn. Therefore, the trial court did not err in concluding as a matter of law that Ashton was an independent contractor for whose negligence the Koviches could not be held vicariously liable.

Plaintiffs further argue that the Koviches were independently negligent in their selection of Ashton to mow their lawn. However, Michigan recognizes no cause of action for the negligent hiring of an independent contractor. *Reeves v Kmart Corp*, 229 Mich App 466, 475-476; 582 NW2d 841 (1998). ". . . Michigan has not recognized a duty requiring an employer to exercise care in the selection and retention of an independent contractor. . . . [W]e hold that such a duty does not exist." *Id.*

Plaintiffs further argue that the Koviches may be held liable for Ashton's negligence under the retained-control doctrine because the activity was inherently dangerous, citing *Reeves, supra* at 471. We disagree. Plaintiffs cite no authority that lawn mowing is inherently dangerous. There is sister-state authority. In *Gore*, the court held that "mowing grass in a median is not an inherently dangerous activity . . . ." *Gore, supra* at 141. *Gore*, similar on its facts, is persuasive. Lawn mowing is not inherently dangerous.

D

Plaintiffs next argue that the trial court erred in concluding that the Koviches did not breach a duty of ordinary care. Again, we disagree.

Michigan law classifies entrants onto property as trespassers, licensees, or invitees. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). We agree with the Koviches that, assuming that

Karie was "on" the Koviches property (the servient estate by using the public right-of-way over the sidewalk), Karie was a licensee because she was not there for any activity affording any monetary benefit to the Koviches. *Id.* at 596-597. As noted in *Davis v Morton*, 143 Mich App 236; 372 NW2d 517 (1984), in *Woodworth v Brenner*, 69 Mich App 277; 244 NW2d 446 (1976), "the plaintiff, a licensee, fell on an icy sidewalk owned by the adjacent property owners . . . ." *Davis, supra* at 242. Accordingly, *Woodworth* recognized that a person walking on a sidewalk is a licensee in relation to the owner of the fee (the servient estate under the sidewalk).

The duty owed to a licensee is limited.

> A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. [*Stitt, supra* at 596.]

Karie was allegedly injured not by a hidden danger, but by a danger the licensee had reason to know of: the lawn mower. The lawn mower was not hidden. Karie admitted that she was aware that lawn mowers can run over and eject objects:

> *Q*. Were you aware before this incident . . . that things could be ejected from under a lawn mower?
>
> *A*. Yes.
>
> *       *       *
>
> *Q*. But you were aware that day walking down the sidewalk that things could come out from under lawn mowers?
>
> *A*. Yes.

Thus, the Koviches had no duty to warn Karie of this danger. *Stitt, supra* at 596-597. The Koviches also had no duty to inspect the premises to determine whether there were hidden objects that a lawn mower might eject. *Id.* Therefore, viewing the evidence in a light favorable to plaintiffs, there is no genuine issue of material fact regarding whether the Koviches breached a duty owed to Karie as a licensee.

IV

The trial court did not err in concluding that plaintiffs failed to present sufficient evidence to establish that Ashton breached duties owed in this case or in granting summary disposition of the plaintiffs' claims of independent acts of negligence by the Koviches. The trial court also did not err in ruling as a matter of law that Ashton was an independent contractor and not an employee of the Koviches, and the trial court also correctly held as a matter of law that the Koviches did not breach any duty owed to Karie as a licensee on their property.

Affirmed.