*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIA K. MILSKE,

       Plaintiff-Appellant,

v

KALAMAZOO PROPERTIES, LLC,

       Defendant,

and

LUKEMAN PROPERTY MANAGEMENT, LLC,

       Defendant-Appellee.

UNPUBLISHED
September 29, 2022

No. 357880
Kalamazoo Circuit Court
LC No. 2019-000396-NI

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant Lukeman Property Management, LLC, under MCR 2.116(C)(10).[1]  We affirm.

## I.  BACKGROUND

This case stems from an incident in which plaintiff was assaulted by an unknown assailant in the laundry room of her apartment building, which was managed by Lukeman.  The laundry room was in the basement of the building.  The attack occurred while plaintiff was leaving the laundry room.  The assailant grabbed plaintiff from behind, pinned her against the basement wall,

---

[1] Before the trial court granted Lukeman's motion for summary disposition, it granted summary disposition in favor of defendant Kalamazoo Properties, LLC.  Plaintiff did not appeal that decision, and Kalamazoo Properties is not a party to this appeal.

and put one hand on her throat and another on her mouth. The assailant then left and was not apprehended.

A little over a week before the assault, Lukeman had changed the door locking system on the north exterior door of the building (the north door) where the laundry room was located from a manual deadbolt to one that automatically locked when the door closed. According to plaintiff, this new locking system was improperly installed such that it did not latch or lock if not given an extra push or pull. Plaintiff indicated that other tenants would not give this extra push or pull, so the deadbolt would not engage. Plaintiff believed that her assailant was a trespasser who gained access to the common area via the north door because of the faulty locking mechanism.

Plaintiff's boyfriend said that he had personally seen one trespasser hanging around in the basement laundry room before the day of the assault, and other tenants similarly said that trespassers had gotten in before and that they had seen trespassers' belongings left behind. The tenants stated that they notified Lukeman about the trespassers. According to Lukeman staff, however, no complaints about this issue were logged until the day after plaintiff's assault, at which point Lukeman fixed the door.

Plaintiff eventually filed this action under a theory of premises liability, alleging that defendants breached their duties to keep the apartment property safe for its tenants when they did not ensure that the common areas were secure from intruders in a high-crime area. As relevant to this appeal, Lukeman moved for summary disposition under MCR 2.116(C)(10), arguing (1) that it could not be held vicariously liable for the assailant's assault on plaintiff because the assault was unforeseeable and unanticipated and (2) that Lukeman did not have notice regarding criminal acts of third parties in the building. Lukeman also argued that plaintiff could not show that the locking mechanism on the north door more likely than not caused the assault on plaintiff because it was merely one of several plausible causes for how the assailant gained entry into the building. Lukeman concluded that plaintiff's allegation that the faulty locking mechanism on the north door caused the assault was mere speculation or conjecture.

The trial court agreed with Lukeman's causation argument and granted summary disposition in favor of Lukeman on the basis that plaintiff had failed to present evidence that her theory of causation was superior to other possible causes. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

The trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120. A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party,

leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006).

The initial burden in a motion under MCR 2.116(C)(10) rests with the moving party, who can satisfy its burden by either (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted). In response to a properly supported motion under MCR 2.116(C)(10), the nonmoving party cannot "rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell*, 273 Mich App at 229.

### III. ANALYSIS

Plaintiff argues that the trial court erred when it granted summary disposition in favor of Lukeman because she presented sufficient evidence from which a factfinder could reasonably infer that the defective locking mechanism on the north door caused her injuries. We disagree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019) (quotation marks and citation omitted). In this context, " '[p]roximate cause' is a legal term of art that incorporates both cause in fact and legal (or 'proximate') cause." *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). Cause in fact must be established before legal cause becomes relevant. *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). Establishing cause in fact "generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Id*.

"It is important to bear in mind that a plaintiff cannot" establish cause in fact "by showing only that the defendant *may* have caused [her] injuries." *Craig*, 471 Mich 87. "Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Skinner*, 445 Mich at 164-165. Accordingly, a plaintiff's theory of causation on the basis of "only slight evidence is not enough," nor is a plaintiff's theory of causation sufficient if, "while factually supported," it "is, at best, just as possible as another theory." *Skinner*, 445 Mich at 164. While a plaintiff "need not negate all other possible causes," she must present sufficient evidence so as to "exclude other reasonable hypotheses with a fair amount of certainty." *Craig*, 471 Mich at 87-88 (quotation marks, citations, and brackets omitted). This can be accomplished by relying on reasonable inferences arising from the evidence, but those inferences must be more than mere speculation or conjecture. *Skinner*, 445 Mich at 164. Our Supreme Court explained the distinction between reasonable inferences and conjecture as follows:

> As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event

happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence. [*Kaminski v Grand Trunk W R Co*, 347 Mich 417, 422; 79 NW2d 899 (1956) (quotation marks and citation omitted). See also *Skinner*, 445 Mich at 164.]

In this case, plaintiff was assaulted while leaving the laundry room in the basement of a building in her apartment complex. Plaintiff could not identify the assailant, but believed that it was a trespasser who had gained access to the building through the north door to the apartment building which had new locksets and an automatic closer that plaintiff believed were negligently installed such that the door did not close enough to latch on its own. In other words, plaintiff alleged that her assault was caused by a negligently-installed locking mechanism on the north door because it allowed the assailant to gain access to the building.[2]

In moving for summary disposition, Lukeman argued in relevant part that plaintiff failed to present evidence sufficient to establish that the negligently-installed locking mechanism was a cause in fact of her injury because other alternative theories were equally as plausible as plaintiff's theory. Evidence established that there were other tenants of the building and that there were other ways to access the building besides the north door, including at least one other exterior door and at least one window to the basement. Lukeman contended that there was no evidence making it more likely that the assailant gained access to the building through the north door because of the faulty locking mechanism than because another tenant—knowingly or unknowingly—allowed the assailant in, or than because the assailant grabbed the door while a tenant was coming or leaving. In either alternative scenario, the assailant would have gained access to the building through the north door regardless of the faulty locking mechanism. More generally, Lukeman argued that there was no evidence making it more likely that the assailant gained access to the building through the north door than through one of the other ways to access the building.

In response, plaintiff did not point to any evidence that made it more likely that the assailant gained access to the building through the north door because of the faulty locking mechanism than one of Lukeman's alternative theories. Instead, plaintiff pointed to evidence that she was assaulted while leaving the laundry room in the basement; that, at the time of the assault, the north door to the building had an allegedly negligently-installed locking mechanism such that the door did not close enough to latch on its own; and that the neighborhood had issues with homelessness, drug using and dealing, and trespassing, and that individuals would occasionally gain access to the apartment building's common areas and attempt to camp out in the basement. On the basis of this evidence, plaintiff argued that "Lukeman created the condition [conducive to criminal assaults] and is therefore negligent." As for Lukeman's alternative theories, plaintiff contended that

---

[2] Plaintiff's complaint alleged that her assault "occurred as a result of . . . a broken lock and/or door" of the apartment building.

Lukeman presented "no facts . . . in support of" those theories, so they at most only created a question of fact.

We agree with the trial court that Lukeman was entitled to summary disposition. Lukeman carried its initial burden under MCR 2.116(C)(10) by demonstrating "that the nonmoving party's evidence [was] insufficient to establish an essential element of the nonmoving party's claim"—causation. *Quinto*, 451 Mich at 362. Lukeman did so by showing that, even if plaintiff's theory had some factual support—such as evidence that the north door's locking mechanism was negligently installed so the door did not close enough to latch on its own—her theory that the assailant gained access to the basement through the north door because of the faulty locking mechanism was "at best, just as possible as another theory." *Skinner*, 445 Mich at 164. In response, plaintiff did not need to present evidence negating all of Lukeman's alternative theories, but had to present evidence sufficient to "exclude other reasonable hypotheses with a fair amount of certainty." *Craig*, 471 Mich at 87-88 (quotation marks and citation omitted). She did not do so. Rather, she only pointed to evidence that there was a faulty locking mechanism on the north door that allowed access to the basement where she was assaulted, that she was in fact assaulted, and that her assailant was allegedly a trespasser. That her assailant was a trespasser who gained access to the basement through the north door because of the faulty locking mechanism is "an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Kaminski*, 347 Mich at 422. In other words, the theory is conjecture, which is insufficient to create a question of fact. See *Estate of Trueblood*, 327 Mich App at 289.

On appeal, plaintiff continues to make the same argument she did in the trial court, saying:

[T]here is substantial evidence from which a jury may conclude that the front (North) door did not securely lock until . . . after Plaintiff's assault. Further, there is substantial evidence from which a jury may conclude that the unknown assailant was not authorized to be in the basement . . . when plaintiff was assaulted. As a result, substantial evidence was presented to this Honorable Court from which a jury may conclude that more likely than not, but for the Defendant's inaction or misaction, Plaintiff would not have been assaulted.

Again, this evidence does not make it more likely that plaintiff's assailant gained access to the basement through the north door because of the faulty locking mechanism than any of Lukeman's alternative theories.[3]

---

[3] At a different point in her brief, plaintiff argues that other evidence establishes that her assailant entered through the north door because of the faulty locking mechanism. She cites evidence that, after the faulty locking mechanism was fixed, there were signs of forced entry into the building through the other door to the building and a broken basement window, and yet, on the day of the assault, there were no signs of forced entry. Evidence of forced entry in the weeks following plaintiff's assault are not relevant to the conditions of the building on the day plaintiff was assaulted, as any inference that could even be drawn from that evidence as it relates to the day of plaintiff's assault would be speculative. As for the lack of forced entry on the day plaintiff was

-5-

Plaintiff counters that she is being held to "an impossible standard of showing 'exactly' how the assailant gained access to the basement and what mechanism failed to keep him out," but this is simply untrue. Plaintiff is only being held to the causation standard set by our Supreme Court: that she present evidence sufficient to "exclude other reasonable hypotheses with a fair amount of certainty." *Craig*, 471 Mich at 87-88 (quotation marks and citation omitted). See also *Skinner*, 445 Mich at 164.

In sum, plaintiff has presented evidence that sets forth an explanation consistent with known facts—but not deducible from them as a reasonable inference—for how her assailant gained access to the building, leading to her assault. Relatedly, plaintiff's evidence fails to exclude, with a fair amount of certainty, other reasonable explanations for how her assailant gained access to the basement. See *Craig*, 471 Mich at 87-88.[4] As such, plaintiff's theory that her assailant gained access to the basement through the north door because of the faulty locking mechanism "is, at best, just as possible as another theory," and is otherwise conjecture insufficient to establish a question of fact. *Skinner*, 445 Mich at 164; *Estate of Trueblood*, 327 Mich App at 289.[5]

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

assaulted, none of Lukeman's alternative hypotheses for how the assailant gained access to the building necessarily required forced entry, so the lack of forced entry does not make plaintiff's theory of causation more likely than Lukeman's theories.

[4] As defendant points out on appeal, plaintiff seemingly concedes this, saying at one point, "It is impossible to discern *from the evidence* exactly how the intruder got inside . . . ." (Emphasis added.)

[5] In light of our holding, we decline to address plaintiff's argument that she pled both a premises liability *and* a negligence claim because either claim would fail due to plaintiff's failure to establish causation. We likewise decline to address Lukeman's alternative theory for affirming on the basis that Lukeman lacked notice.