*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHYLLIS JOANN LAKES,

   Plaintiff-Appellee,

v

ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY and RICKY ALLEN SOWARDS,

   Defendants,

and

CITY OF WESTLAND,

   Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 364465
Wayne Circuit Court
LC No. 21-009447-NI

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant-appellant, city of Westland,[1] appeals as of right the trial court's order granting in part and denying in part its motion for summary disposition under MCR 2.116(C)(7) and (10). We reverse in part and remand for the trial court to enter an order granting Westland's motion for summary disposition in full.

## I. BACKGROUND

This case arises from a May 24, 2021 motor vehicle accident involving plaintiff and Westland's employee, defendant Ricky Allen Sowards. The accident occurred at the intersection

---

[1] In the trial court, defendant Rick Allen Sowards moved for summary disposition, and the trial court granted the motion and dismissed Sowards from the case. That ruling is not at issue in this appeal. The parties also stipulated to dismiss defendant Allstate Fire and Casualty Insurance Company. Neither Sowards nor Allstate has filed a brief in this Court.

of Wayne Road and Sims Road. Shortly before the accident, plaintiff was stopped at a red light on Wayne Road. Sowards—who was driving a truck towing a trailer loaded with heavy lawn equipment—was stopped at a different red light on Wayne Road about 300 feet behind plaintiff. When Sowards light turned green, he proceeded through. When plaintiff's light turned green, the vehicle in front of plaintiff did not proceed through the intersection. As a result, when Sowards approached the intersection of Wayne Road and Sims Road, the light was green but plaintiff and the vehicle in front of plaintiff were not moving. Sowards did not see plaintiff's stopped vehicle until it was too late; even though Sowards applied the truck's brakes, he was unable to bring the truck carrying the trailer to a full stop and rear-ended plaintiff's vehicle. A biomechanical analysis of the crash estimated that Sowards "closing speed . . . was between 8 and 10 mph."

Following the accident, plaintiff declined any medical attention. She began experiencing back pain after the accident, however, and went to see her primary care physician, Dr. Letacia Thomas, M.D., roughly two weeks after the accident on June 4, 2021. Dr. Thomas took x-rays of plaintiff's spine but found "[n]o [c]ompression fracture deformity or significant disc [sic] narrowing," and "[n]o other significant finding." Plaintiff continued experiencing pain, however, so she went to Dr. William Gonte, M.D., on July 12, 2021. Dr. Gonte did not note any potential causes for plaintiff's back pain but nevertheless ordered an MRI. The results of plaintiff's MRI found a loss of disk-space height between multiple vertebrae and small disk protrusions, which were labeled "[d]egenerative." At a follow-up appointment with Dr. Thomas on September 17, 2021, Dr. Thomas confirmed that the July 2021 MRI showed "small disc [sic] herniation" due to "degeneration." Plaintiff continued experiencing back pain, however, and attended multiple physical-therapy sessions to address the pain.

On August 3, 2021, plaintiff filed the complaint giving rise to this action. As relevant to this appeal, plaintiff's complaint alleged that Sowards negligently operated his motor vehicle and Westland was vicariously liable for Sowards' negligence under the motor vehicle exception to governmental immunity in MCL 691.1405. Westland eventually moved for summary disposition, arguing in relevant part that plaintiff did not suffer any bodily injury that resulted from the May 2021 accident. In support of its motion, Westland argued that there was nothing in plaintiff's medical records to support that she suffered a bodily injury as a result of the May 2021 accident. Westland also produced a report authored by Dr. Stanley S. Lee, M.D., in which Dr. Lee opined that, based plaintiff's medical records, "there were mild, expected changes of aging, including disk bulges, disk dehydration and height loss, and bone spurs," but "there were no objective findings of spinal pathology."

In response, plaintiff asserted that there was a question of fact whether she suffered a bodily injury, and that any conclusion otherwise would require the trial court to make a credibility determination. In support of this argument, however, plaintiff merely asserted, "Plaintiff has submitted medical records which show the injuries she suffered in this matter," and cited this proposition to "Exhibit C," which was 150 pages of medical records.

At the hearing on Westland's motion, the trial court criticized this portion of plaintiff's briefing, saying, "I don't have time to go through [one] hundred and fifty pages of medical[] [records], to find, you know, your, your support." The trial court later asked plaintiff's counsel to "refer [the court] specifically to a medical record that indicates [plaintiff's] spinal injury is, or her back injury is related to this accident," and plaintiff's counsel referred the court to the record of

plaintiff's June 4, 2021 visit to Dr. Thomas. Plaintiff contended that this record showed that plaintiff first started complaining about back pain following the May 24, 2021 accident with Sowards. Apparently satisfied with this argument, the trial court denied Westland's motion, reasoning there was a question of fact whether plaintiff's "low level, uh, disk herniation" was "from this accident."

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10). "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). As this Court has explained:

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is appropriate. [*Id*. at 428-429 (footnotes omitted).]

Summary disposition is appropriate under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact" and support its motion with documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), citing MCR 2.116(G)(4). A court reviewing a motion under MCR 2.116(C)(10) must consider the substantively admissible evidence offered in opposition to the motion. *Maiden*, 461 Mich at 121. To survive summary disposition, the opposing party must set forth specific facts establishing a genuine issue of material fact for trial. *Id*. at 120. A genuine issue of material fact exists when the evidence presented "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted).

The initial burden in a motion under MCR 2.116(C)(10) rests with the moving party, who can satisfy its burden by either (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted). In response to a properly supported motion under MCR 2.116(C)(10), the nonmoving

party cannot "rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006).

## III. ANALYSIS

Under the governmental tort liability act, MCL 691.1401 *et seq.*, governmental agencies and their employees are generally immune from tort liability when they are engaged in the exercise or discharge of a governmental function, absent an exception. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). One such exception is the motor vehicle exception in MCL 691.1405, which provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by an officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.

"[T]he statute says the injuries or property damage must result from the negligent operation of a motor vehicle." *Robinson v City of Detroit*, 462 Mich 439, 457 n 14; 613 NW2d 307 (2000). "Bodily injury" as used in the statute means "a physical or corporeal injury to the body." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014) (emphasis omitted).

In her complaint, plaintiff alleged that she "sustained accidental bodily injuries" as a result of the May 24, 2021 accident, but she did not identify any specific injuries in her complaint. In her initial disclosures, plaintiff identified her injuries as "cervical disc [sic] herniation and small central disc [sic] protrusion."

In its motion for summary disposition, Westland argued that there was no evidence that plaintiff's claimed bodily injuries resulted from the May 2021 accident. In support of this argument, Westland cited to plaintiff's medical records. Westland first highlighted the medical record from plaintiff's June 2021 visit with Dr. Thomas, which stated that Dr. Thomas reviewed x-rays of plaintiff's spine but found "[n]o [c]ompression fracture deformity or significant disc [sic] narrowing," and "[n]o other significant finding." Westland also pointed to the results of plaintiff's July 2021 MRI. Those results noted disk protrusions and herniations, but suggested that they were degenerative. In addition, Westland highlighted the record from plaintiff's September 2021 visit with Dr. Thomas, which reflected that the July 2021 MRI showed "small disc [sic] herniation" due to "degeneration." Finally, Westland submitted the report authored by Dr. Lee in which Dr. Lee confirmed that, based on his review of plaintiff's medical records, "there were mild, expected changes of aging, including disk bulges, disk dehydration and height loss, and bone spurs," but "there were no objective findings of spinal pathology." This evidence all supported Westland's argument that the bodily injuries identified by plaintiff were degenerative and did not result from the May 2021 accident with Sowards.

In response to this properly-pleaded motion for summary disposition, plaintiff could not rest on mere allegations or denials, but had to produce documentary evidence setting forth a genuine issue of material fact for trial. *Campbell*, 273 Mich App at 229. In response to Westland's

motion, plaintiff merely asserted that she "has submitted medical records which show the injuries she suffered in this matter," and cited this proposition to 150 pages of medical records. This was plainly inadequate; trial courts are not research assistants, and it is the responsibility of each party—not the court—to present the party's argument. *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). The trial court clearly felt the same way; it told plaintiff's counsel that it did not have time to comb through plaintiff's medical records to find support for plaintiff's argument.

Despite the inadequacy of plaintiff's response, the trial court gave plaintiff an opportunity to identify which documents in her medical records tended to establish that she suffered a bodily injury that resulted from the May 2021 accident. Plaintiff referred the court to the record from plaintiff's June 2021 visit with Dr. Thomas, specifically the portion of the record in which plaintiff reported her symptoms to Dr. Thomas. Problematically, none of plaintiff's self-reported symptoms established that her claimed bodily injuries—such as the cervical disk herniations and small disk protrusions—were caused by the May 2021 accident. At best, the record from plaintiff's June 2021 visit with Dr. Thomas established that plaintiff began experiencing back pain following the May 2021 accident. This in turn does not tend to establish that plaintiff's claimed bodily injuries were caused by the May 2021 accident, particularly in light of (1) the fact that, at the same visit, Dr. Thomas took x-rays of plaintiff's spine and found no injuries that could be causing plaintiff's pain and (2) Westland's unrebutted evidence that the cervical disk herniations and small central disk protrusions identified by plaintiff's July 2021 MRI were degenerative.

On appeal, plaintiff does not offer any additional argument in support of her position. Rather, plaintiff merely reiterates her contention from the trial court that "Defendants have a credibility argument for the jury, not a legal causation question." Plaintiff does not point to any evidence tending to establish that she suffered a bodily injury "resulting from" the May 2021 accident, so her argument that defendant is asking this Court to make a credibility determination is simply incorrect.[2] See *Quinto*, 451 Mich at 362 (explaining that it is proper for a court to grant summary disposition if the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim).

To summarize, to avail herself of the exception to governmental immunity in MCL 691.1405, plaintiff needed to establish that she suffered a "bodily injury . . . resulting from" Sowards' negligent operation of Westland's motor vehicle. Westland moved for summary disposition, arguing that plaintiff could not establish that her claimed bodily injuries—the cervical disk herniations and small central disk protrusions—resulted from the May 2021 motor vehicle accident. In response to Westland's properly-supported motion, plaintiff was required to submit documentary evidence creating a question of fact whether her claimed bodily injuries resulted from

---

[2] Unlike in the trial court, plaintiff's only apparent argument on appeal relies on the temporal relationship between the accident and plaintiff's complaints of pain. Plaintiff asserts, "The Plaintiff did not have a mobility issues or pain issues before Mr. Soward[s] rear-ended her. Then she did." As our Supreme Court has explained, however, "Relying merely on a temporal relationship is a form of engaging in the logical fallacy of post hoc ergo propter hoc (after this, therefore in consequence of this) reasoning." *West v Gen Motors Corp*, 469 Mich 177, 186 n 12; 665 NW2d 468 (2003).

Sowards' negligent operation of Westland's motor vehicle. As explained, plaintiff has repeatedly failed to do so. Accordingly, the trial court should have granted Westland's motion for summary disposition in full.

Reversed and remanded for the trial court to enter an order granting Westland's motion for summary disposition in full. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly