*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD SARFOH,

        Plaintiff-Appellee,

v

HAROLD R. SULLIVAN,

        Defendant-Appellant.

UNPUBLISHED
January 13, 2026
2:35 PM

No. 374880
Oakland Circuit Court
LC No. 2024-205566-CZ

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Defendant, Harold R. Sullivan, appeals as of right the trial court's order granting summary disposition in favor of plaintiff, Richard Sarfoh, under MCR 2.116(C)(10). In that order, the trial court concluded that there were no genuine issues of material fact and that plaintiff was, as a matter of law, entitled to have his arbitration award against defendant confirmed. We affirm.

## I. BACKGROUND

The parties to this case were both "managers" of HRS Agriculture, LLC, which operates a marijuana-growing operation. HRS's operating agreement gave both parties complete authority and control of the business. The parties' relationship soured in 2022, and in May of that year, plaintiff asked to be bought out and released from his guaranty of the company's debts. Negotiations for this buyout failed, so plaintiff's redemption request was denied. Thereafter, despite plaintiff still being a manager, defendant took an array of actions that effectively locked plaintiff out of the business.

The parties agreed to arbitrate their dispute, and on December 15, 2023, the arbitration panel determined that defendant's conduct of "locking [plaintiff] out of the business constituted willfully unfair and oppressive conduct toward [plaintiff] as a member of HRS." The panel accordingly found that plaintiff was "entitled to have [defendant] purchase [plaintiff's] membership interest in HRS at fair market value," which the panel concluded was $850,000. Defendant was accordingly ordered to pay plaintiff $850,000 plus interest, as well as to reimburse plaintiff for his half of the arbitration fees (meaning that defendant was ordered to pay plaintiff an additional $57,545).

-1-

Thereafter, plaintiff filed the complaint giving rise to this action in which he sought to have the trial court confirm the arbitration award. On June 20, 2024, plaintiff moved for summary disposition under MCR 2.116(C)(10). Plaintiff argued that there was no genuine issue of material fact that the arbitration panel ordered defendant to pay plaintiff $850,000 plus plaintiff's share of the arbitration fees, and that, to date, defendant had not paid plaintiff this sum. Plaintiff supported the latter assertion with an affidavit in which he averred that defendant had not made any payments to plaintiff under the arbitration award. On the basis of this evidence, plaintiff asked the trial court to grant judgment in favor of plaintiff, "converting" the arbitration award "into a Judgment."

Defendant responded that there were questions of fact as to the finality of the arbitration award because of a separate suit that plaintiff's wife was bringing against defendant. Defendant additionally asserted that a grant of summary disposition at this time would be premature because he wanted to conduct additional discovery into whether the arbitration award was procured through fraud, which would be grounds to vacate the award.

The trial court heard oral argument on plaintiff's motion on January 22, 2025. At the hearing, the trial court asked defendant why it should not grant plaintiff's motion to confirm the arbitration award, and defendant responded that the trial court should deny the motion to allow defendant to conduct additional discovery into whether plaintiff was perpetuating a fraud through his wife by having her bring a separate claim against defendant. Plaintiff argued this was not a reason to deny plaintiff's motion because (1) plaintiff's wife's claim was entirely separate from plaintiff's, (2) any concern that defendant had about plaintiff's wife's claim could be litigated in that separate case, and (3) defendant had not explained how discovery stood any chance of revealing fraud. The trial court said that, after hearing from plaintiff, it was inclined to take the matter under advisement. In response, plaintiff asked to file a supplemental brief to more fully address defendant's arguments. The trial court asked defendant if he would agree to supplemental briefing, to which defendant said that he would so long as he was permitted to submit any additional evidence of fraud that he found. The trial court agreed and allowed the parties to file supplemental briefs.

Plaintiff filed his supplemental brief on January 30, 2025. Plaintiff asserted that there could be no serious dispute that the arbitration award was final and binding on the parties, and none of defendant's arguments against plaintiff's motion brought these facts into question.

In defendant's supplemental briefing, he contended that he "recently discovered that Plaintiff fraudulently withheld evidence during the arbitration that would have established Defendant's counterclaim against Plaintiff," which created a question of fact as to whether the arbitration award was procured through fraud. Specifically, defendant claimed to have discovered that plaintiff "had been communicating with" a state regulatory agency using the email address "richard@icloud.com," but had not disclosed this email to defendant during arbitration. Defendant claimed that "the hidden communications would have corroborated defendant's" counterclaim against plaintiff during arbitration that plaintiff "intentionally harmed" HRS. In support of his assertions, defendant produced documents from what appears to be a state regulatory action against HRS. These documents state that notifications were sent to "Richard Sarfoh" at "richard@icloud.com," and emails from the regulatory agency to that email address were also attached.

On February 25, 2025, the trial court issued an order granting plaintiff's motion for summary disposition. In its order, the trial court noted that defendant's only argument against entry of a judgment was that the arbitration award was procured through fraud, and the court concluded that defendant had not sufficiently supported his allegations to that effect. The court also noted that it had reviewed the pleadings in plaintiff's wife's case against defendant, and it concluded that granting plaintiff's motion for summary disposition did "not affect or govern the claims asserted in" that separate case. The trial court signed the judgment against defendant on March 5, 2025, and it was entered on March 11, 2025.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). Plaintiff moved for summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A (C)(10) motion is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006). The party filing a (C)(10) motion can carry its burden by either (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted). In response to a properly supported (C)(10) motion, the nonmoving party cannot "rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell*, 273 Mich App at 229.

Plaintiff moved for summary disposition before the close of discovery, and this Court has explained that a grant of summary disposition under (C)(10) is generally "premature" in this type of situation. *Powell-Murphy v Revitalizing Auto Communities Environmental Response Tr*, 333 Mich App 234, 253; 964 NW2d 50 (2020). This is not a per se rule, however. "The dispositive inquiry is whether further discovery presents a fair likelihood of uncovering factual support for the party's position." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

On appeal, defendant no longer argues that plaintiff's wife's suit against defendant has any relevancy to the dispute in this case, thus abandoning any such argument. See *Lashbrook v Grasak*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No.369669); slip op at 5 n 4 (explaining that a party abandons an argument "[b]y failing to address" it). Defendant instead contends that the trial court erred by granting plaintiff's motion for summary disposition because defendant produced evidence suggesting that plaintiff procured the arbitration award through fraud, and he should have been permitted to conduct further discovery on that issue. We disagree.

The parties in this case agreed to arbitrate their dispute, and an arbitration panel granted an award to plaintiff. Plaintiff then sought to confirm the arbitration award pursuant to MCR 3.602(I), which states, "A party may move for confirmation of an arbitration award within one year after the award was rendered. The court may confirm the award, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule."

As relevant to the parties' dispute in this case, an arbitration award must be vacated if a party to the arbitration proceedings can prove that the award was "procured by" fraud. MCL 691.1703(1)(a). See also MCR 3.602(J)(2)(a). Any time that a party alleges fraud, "the circumstances constituting fraud . . . must be stated with particularity." MCR 2.112(B)(1). MCL 691.1703(2) provides that when a motion to vacate an arbitration award is based on fraud, the motion must be filed within 90 days of when the moving party discovered or should have discovered the fraud. See also MCR 3.602(J)(3) (shortening the time for moving to vacate an award on the basis of fraud to 21 days after the fraud is discovered or should have been discovered). Any request to vacate an arbitration award must be made by motion. MCR 3.602(J)(1). "If the motion to vacate is denied and there is no motion to modify or correct the award pending, the court shall confirm the award." MCR 3.602(J)(5).

Defendant contends that he should be able to conduct further discovery into whether plaintiff procured the arbitration award through fraud on the basis of communications that a state regulatory body sent to plaintiff at the "richard@icloud.com" email address. These emails, according to defendant, suggest that the arbitration award was procured through fraud because they show that plaintiff used this email address to communicate with the state regulatory agency, yet plaintiff never disclosed this email address to defendant during arbitration.

In support of this argument, defendant produced evidence showing that the regulatory agency associated the "richard@icloud.com" email address with plaintiff, and that the regulatory agency had sent emails to plaintiff at this email address. But defendant failed to produce any evidence supporting his assertion that plaintiff failed to disclose this email address to defendant during arbitration. Without evidence that plaintiff failed to disclose this email address to defendant during arbitration, defendant failed to produce evidence sufficient to establish that "further discovery presents a fair likelihood of uncovering factual support for" defendant's assertion that plaintiff procured the arbitration award through fraud.[1] *Powell-Murphy*, 333 Mich App at 253

---

[1] We also note that nowhere has defendant "stated with particularity" how the circumstances of the communications that plaintiff received from the state regulatory body support defendant's claim that plaintiff procured the arbitration award through fraud. MCR 2.112(B)(1). Defendant makes only vague assertions that plaintiff used the "richard@icloud.com" email address to send some unidentified information to some unidentified individual or entity at an unidentified time that harmed HRS in some unidentified way. Such vague assertions fall short of the particularity requirement necessary to plead fraud. See, e.g., *Glasker-Davis v Auvenshine*, 333 Mich App 222, 233; 964 NW2d 809 (2020) (holding that the defendant failed to plead fraud with particularity because it "only vaguely stated that plaintiff had provided [the defendant] with some unidentified information, at an unidentified time, that was incorrect or inconsistent in an unidentified way").

(quotation marks and citation omitted). The trial court therefore properly rejected defendant's fraud argument.

Briefly, defendant raises two arguments on appeal, neither of which warrant relief. First, defendant argues that the trial court erred when it stated that defendant failed to support his allegations of fraud "with an affidavit or any other sworn statements" because, under the court rules, defendant could have supported his allegations with other evidence. Defendant is correct in that the court rules governing motions for summary disposition provide that a party can rely on evidence besides affidavits and sworn statements to establish their allegations. See MCR 2.116(C)(G)(4) and (5). But defendant is wrong to the extent he argues that he supported his allegations with documentary evidence. Again, defendant has not produced any evidence establishing that plaintiff failed to disclose the richard@icloud.com email address to defendant during arbitration. So, the trial court's misstatement of the governing law was harmless. See MCR 2.613 (stating the harmless-error rule).

Second, defendant argues that the trial court held plaintiff to a different standard than defendant. This is incorrect. Plaintiff sought to have his arbitration award confirmed, and to support his claim, plaintiff provided evidence that he had obtained an arbitration award against defendant, and provided an affidavit averring that defendant had not yet paid the award. Thus, unlike defendant, plaintiff supported his assertions with proper evidence (and, notably, defendant does not dispute either fact or plaintiff's evidence supporting these facts). Defendant's contention that the trial court held the parties to a different standard is without merit.[2]

Affirmed. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

---

[2] In his brief on appeal, plaintiff asks this Court to sanction plaintiff under MCR 7.216(C)(1), but plaintiff never filed a motion under MCR 7.211(C)(8), and this Court declines to consider sanctions on its own initiative.