*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL JOHN ZWENG,

       Plaintiff-Appellant,

v

SIDNEY R. MCINTYRE,

       Defendant-Appellee.

UNPUBLISHED
May 30, 2024

No. 366781
St. Clair Circuit Court
LC No. 22-000402-NO

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court order granting summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact) and dismissing the action with prejudice.[1] On appeal, plaintiff asserts that the trial court erred by granting defendant summary disposition because a question of fact existed whether defendant had constructive notice of a hazard on his property. Further, plaintiff argues that defendant was not entitled to summary disposition on open and obvious grounds. For the following reasons, we reverse the trial court's order and remand for further proceedings.

---

[1] Defendant sought summary disposition under both MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10). The trial court did not specify which court rule it relied on when granting defendant summary disposition. However, we infer that the trial court granted summary disposition under MCR 2.116(C)(10) because both the trial court and parties relied on documentary evidence. *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 480 n 6; 997 NW2d 307 (2022) ("Where the record is unclear with regard to which section of MCR 2.116 the trial court based its ruling, and both the defendant and the trial court relied on documentary evidence beyond the pleadings in support of the defendant's motion for summary disposition, this Court must construe the defendant's motion as being granted pursuant to MCR 2.116(C)(10).") (quotation marks and citation omitted).

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant owns a farm at his residence in Fort Gratiot, Michigan. Plaintiff alleges that he began working for defendant as a truck driver in 2018 and continued to work in that capacity until October 20, 2020, when he fell on defendant's property. On a typical day, plaintiff would travel to defendant's property, pick up one of defendant's trucks, load the truck with sugar beets, transport the sugar beets to another location, and refuel the truck before returning it to defendant's property. The day before the incident, plaintiff worked an unusually long day and did not refuel the truck before returning it to defendant's property. The next day, plaintiff returned to defendant's property to refuel the truck. He parked his vehicle to the right of the truck and approximately five feet to the left of a snowmobile trailer. Plaintiff exited his vehicle, took one step onto the grass, and fell onto the snowmobile trailer. He sought medical treatment and was diagnosed with a broken left arm and several broken ribs. Plaintiff then traveled to Florida for six months before returning to Michigan. In Spring 2021, plaintiff returned to defendant's property. In the area where he fell, plaintiff observed a hole in the grass approximately 1½ feet long and 10 to 12 inches deep. The hole had freshly placed sod inside it. Plaintiff measured the hole and took photographs.

Defendant and defendant's significant other and caretaker, Karen Angebrandt, were deposed in relation to this action. In her deposition, Angebrandt testified that a day or two after his fall, plaintiff called her to tell her he tripped in a hole in the ground on the property. Angebrandt told plaintiff that dogs used to live on the property 10 to 15 years ago and would dig holes. She testified that the dogs' pen sat near the snowmobile trailer. In his deposition, defendant stated that the dogs lived on the property eight years earlier.

At the time of his deposition, defendant was 90 years old. He no longer worked on his farm. Instead, his relatives worked for him. Both he and Angebrandt explained that he had difficulty walking on his own. Defendant stated that he never walked the property. Defendant likewise denied having any knowledge of holes on his property. Neither Angebrandt nor defendant looked for holes on the property after plaintiff's fall. Angebrandt testified that she walked the property often. However, in the 22 years she lived there, she only walked in the area near the snowmobile trailer approximately 20 to 30 times.

Plaintiff filed a complaint alleging that defendant was liable for his injuries under premises-liability and ordinary negligence theories. Defendant filed an answer and a motion for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10). Defendant argued that he was entitled to summary disposition because the hole was an open and obvious[2] hazard and plaintiff did not establish that defendant had notice of the hazard. Further, he claimed that plaintiff could not establish causation because he did not know what caused his fall on the date of his injury and only noticed the hole when he returned to the property the following spring.

---

[2] Plaintiff filed this action before the Supreme Court's decision rejecting the open and obvious doctrine as part of a landowner's duty in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023).

In response, plaintiff argued that defendant was not entitled to summary disposition on open and obvious grounds. Further, plaintiff asserted that Angebrandt's testimony established that defendant failed to inspect the premises, demonstrating a genuine issue of material fact whether defendant breached his duty to plaintiff. In a reply brief, defendant argued that he was not required to present evidence of a reasonable inspection to warrant summary disposition on the notice element of plaintiff's premises-liability claim. Further, he argued that plaintiff could not establish a question of material fact regarding constructive notice because the only evidence plaintiff presented of the hazardous condition were photographs of a hole taken six months after plaintiff's injury.

Following oral argument, the trial court granted defendant's motion for summary disposition on the basis that plaintiff failed to proffer evidence demonstrating a question of fact whether defendant had notice of the hole. The trial court declined to address the application of the open and obvious doctrine. Plaintiff moved for reconsideration. He reiterated his constructive notice arguments. He further argued that the evidence regarding dogs digging holes on the property established a possible cause of the defect at issue and that he was not required to rule out every other possible cause of that defect to survive summary disposition. The trial court entered an order denying plaintiff's motion for reconsideration because plaintiff's motion presented the same issues already decided by the trial court and plaintiff failed to demonstrate palpable error. Plaintiff now appeals.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Kandil-Elsayed*, 512 Mich at 109. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim. *Id.* "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020) (quotation marks and citation omitted). This includes "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).

"A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006). The nonmoving party must present more than conjecture and speculation to meet his burden. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001). We do not make factual findings or weigh credibility. *Burkhardt v Bailey*, 260 Mich App 636, 647; 680 NW2d 453 (2004). We review questions of law de novo. *Burba v Burba (After Remand)*, 461 Mich 637, 647; 610 NW2d 873 (2000).

## III. PREMISES LIABILITY

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because a question of genuine fact existed whether defendant had constructive notice

of the hole in the ground on his property. Because plaintiff presented sufficient evidence for a reasonable jury to infer that defendant had constructive notice of the hole in the ground, we agree.[3]

In a premises-liability claim, the plaintiff must show the four elements of a negligence claim: (1) "the defendant owed a legal duty to the plaintiff;" (2) "the defendant breached or violated the legal duty it owed to the plaintiff;" (3) "the plaintiff suffered damages; and" (4) "the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff." *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96 n 10; 485 NW2d 676 (1992). The duty a landowner owes to those entering his property depends on the status of the person as a trespasser, licensee, or invitee. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). There is no dispute that plaintiff was defendant's invitee. Our Supreme Court has described the duty a landowner owes to an invitee as "[an] obligation to also make the premises safe, which requires the landowner to inspect the premises and depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016), quoting *Stitt*, 462 Mich at 597.

To advance a premises-liability claim, "an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey*, 500 Mich at 8. "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*. (quotation marks and citation omitted). Stated otherwise, the plaintiff must be able to show that the defendant had actual or constructive notice. *Id*. at 9. In this case, plaintiff only asserts that defendant had constructive notice of the hole in the ground.

Constructive notice requires evidence "that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. The longer a defect is present, the stronger the evidence of constructive notice. See *Clark v Kmart Corp*, 465 Mich 416, 420; 634 NW2d 347 (2001). "Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant

---

[3] Plaintiff alludes without elaboration that his claim sounds in both premises liability and ordinary negligence. An action sounds in premises liability "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed*, 512 Mich 95. An ordinary negligence claim cannot be maintained when the "allegations relate to the creation of a dangerous condition on the premises caused by defendants' failure to act." *Nathan v David Leader Mgt, Inc*, 342 Mich App 507, 512; 995 NW2d 567 (2022). Plaintiff alleges that a condition of defendant's land constituted a dangerous condition that gave rise to his injury. Further, plaintiff alleges that defendant failed to inspect the premises. Accordingly, his action sounds only in premises liability.

is deemed to have notice is a question of fact, and not a question of law." *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007).[4]

First, plaintiff presented evidence that the hole he believes he fell in existed for years on the property. In his deposition, plaintiff explained that the area he fell in was a rough area with gravel and grass. In her deposition, Angebrandt stated that plaintiff called her a day or two after he fell and told her that he tripped in a hole. In response, she told plaintiff that a dog pen sat near the location where plaintiff fell 10 to 15 years earlier. Similarly, defendant testified that dogs lived on the property eight years ago. Angebrandt acknowledged that she told plaintiff that any holes in that area could have been dug by the dogs in the past. Plaintiff, six months after the fall, went back to the property and took pictures of a hole in the area where he fell. The hole was approximately 1½ feet long and 10 to 12 inches deep. Plaintiff saw that fresh sod was placed in the hole when he took the picture. The fact that the pictures were taken six months after plaintiff's fall does not foreclose that the hole was present the day of the fall nor did it require speculation when considered in conjunction with the other evidence. See *Karbel*, 247 Mich App at 97. Instead, a reasonable jury could infer that the hole existed for years on the property because of the presence of the hole near the snowmobile trailer together with the testimony that the dogs' shed sat near that area and the dogs dug holes on the property. See *Campbell*, 273 Mich App at 229.

Second, plaintiff presented evidence that defendant did not conduct any inspections of his property. At the time of his deposition, defendant was 90 years old. Both he and Angebrandt explained that he had difficulty walking on his own. Defendant did not work on his farm. Instead, his relatives worked for him. Defendant stated that he never walked the property. Angebrandt stated that in over 22 years, she only went over by the trailer area approximately 20 to 30 times. Further, Angebrandt stated that neither she nor defendant walked the property to look for holes in the ground after plaintiff fell. Together, this evidence would permit a reasonable jury to infer that the hole existed before plaintiff's fall and that defendant would have known about the hazard had he conducted inspections of his property.

Viewed in the light most favorable to plaintiff, a reasonable jury could infer from the evidence presented by plaintiff that he tripped and fell in a hole on the property that existed for eight or more years. Further, the jury could infer that defendant should have noticed the hole that went undetected for years, but failed to do so because he did not inspect his property. Accordingly, a reasonable fact-finder could conclude that the hazard existed for a sufficient length of time such that defendant should have discovered it. *Lowrey*, 500 Mich at 11-12. The trial court, therefore, erred by determining that there was no question of fact whether defendant had constructive notice of a defect before plaintiff's fall.

---

[4] A Supreme Court order "is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

## IV.  OPEN AND OBVIOUS DOCTRINE

Defendant asserts that summary disposition in his favor is alternatively appropriate because plaintiff presented no evidence that defendant breached a duty owed to plaintiff under the open and obvious doctrine.  After the trial court resolved this matter but before plaintiff filed his appeal, the Supreme Court issued *Kandil-Elsayed*, in which the Court reversed *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), regarding the applicable framework of the open and obvious doctrine.  The trial court did not reach the issue of the open and obvious doctrine, so we do not address it here.  *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004).

We reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford