*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAMELLE MITCHELL,

Plaintiff-Appellant,

v

GREEKTOWN CASINO LLC, d/b/a GREEKTOWN CASINO,

Defendant-Appellee.

UNPUBLISHED
December 19, 2024
9:34 AM

No. 368784
Wayne Circuit Court
LC No. 22-001709-NO

Before: O'BRIEN, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings.

## I. BACKGROUND

This case arose after plaintiff was injured when she slipped on water on the floor of a bathroom on premises owned by defendant. Plaintiff testified that she went to defendant's premises on February 26, 2019, with her mother. At some point, plaintiff went to use the bathroom, where she slipped on water on the floor and fell. Plaintiff said she was "paying attention" when she entered the bathroom and did not see any water on the floor, but she noticed water on the ground after she fell. Also after she fell, plaintiff saw someone run "out of the bathroom and went to go get a caution sign or something like that and put it down and went to get help." She did not remember seeing this person before she fell. Plaintiff also did not recall seeing any wet-floor signs on the ground or posted on the walls of the restroom before she fell, and she denied that it was possible that there were wet-floor signs posted and she simply did not see them. Plaintiff testified that she lost consciousness after her fall and remembers waking up to her mother "in [her] face."

Felicia Jones signed an affidavit averring that she was defendant's employee and was mopping the floor of the bathroom when plaintiff entered. Jones attested that she had placed "three wet floor signs prior to mopping the floor," so the signs were present when plaintiff fell. In a "Team Member Statement," Jones wrote that on February 26, 2019, at approximately 2:30 p.m., she was cleaning the bathroom when she "heard a young lady fall in a stall." She wrote that her

-1-

back was turned and she was cleaning another stall at the time, but she "made sure the wet floor signs where [sic] down."

In an "EMT Medical Report," EMT/Security Officer Joseph Douglas wrote that there was a wet-floor sign "just in front of the stall entrance" and that the floor was "dry leading up to the stalls." Douglas noticed water on the floor "in front of the toilet," however.

On February 11, 2022, plaintiff filed the complaint giving rise to this action. Plaintiff's complaint alleged a single claim of negligence under a theory of premises liability.

On February 6, 2023, following discovery, defendant moved for summary disposition under MCR 2.116(C)(10). As relevant to this appeal, defendant relied on evidence demonstrating that Jones had placed three wet-floor signs in or at the entrance to the bathroom she was cleaning before plaintiff fell, and argued that, on the basis of this evidence, defendant did not breach its duty to warn invitees like plaintiff about the dangerous condition of the bathroom floor, i.e., that the floor was wet. In response, plaintiff argued that she had testified that there were no wet-floor signs or other notices that the floor of the bathroom was wet, creating a question of fact whether defendant breached its duty to warn invitees like plaintiff of the dangerous condition of the bathroom floor.

At the hearing on defendant's motion, defendant argued that it was entitled to summary disposition because the undisputed evidence established that there were three wet-floor signs warning of the water that caused plaintiff to slip and fall, so plaintiff could not establish a question of fact whether defendant breached its duty to plaintiff. In response, plaintiff emphasized that she testified at her deposition that "when she walked in[to]" the bathroom, "there were no signs" warning of the water on the floor, which created a question of fact as to whether the signs were placed. The trial court opined that "[w]hether the Plaintiff saw the signs does not go to whether they were there." After additional back and forth between the trial court and the parties, the trial court granted defendant's motion for summary disposition, reasoning that defendant had presented "concrete evidence that signs were up," and plaintiff's evidence that there were no signs was "too tentative" and "too equivocal to establish an issue of fact under (C)(10)."

On October 26, 2023, plaintiff filed a motion for reconsideration that generally reiterated the arguments she made in her response to defendant's motion for summary disposition. On November 8, 2023, the trial court entered an order denying plaintiff's motion for reconsideration, explaining that defendant presented evidence "that signs, warning of the wet floor, were clearly posted," and "[p]laintiff's deposition testimony regarding signs was equivocal and did not create a genuine issue of fact." The court added that "no evidence [was] presented regarding cause in fact negligence by Defendant."

This appeal followed.

## II. STANDARD OF REVIEW

The trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial

court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120. A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006).

The initial burden in a motion under MCR 2.116(C)(10) rests with the moving party, who can satisfy its burden by either (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted). In response to a properly supported motion under MCR 2.116(C)(10), the nonmoving party cannot "rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell*, 273 Mich App at 229.

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition. We agree.

Plaintiff brought a single claim of negligence under a theory of premises liability. To establish a claim of premises liability, a plaintiff must prove the basic elements of a negligence claim: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the defendant's breach of its duty caused injury to the plaintiff. See *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019). The duty in a premises liability action arises from the special relationship that exists between owners and occupiers of land and visitors on that land. *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013). The contours of this duty depends on the visitor's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). A business customer like plaintiff here is considered an invitee. See *Hoffner v Lanctoe*, 492 Mich 450, 460 n 8; 821 NW2d 88 (2012). See also *Bailey*, 494 Mich at 604. A land possessor owes an invitee a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled in part on other grounds by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). A land possessor breaches this duty when the land possessor "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner*, 492 Mich at 460.

It is undisputed that plaintiff slipped on water on the floor of a bathroom on defendant's premises, and the central disagreement on appeal is whether defendant breached its duty to plaintiff

by failing to warn her about this danger.[1]  When defendant moved for summary disposition, it provided the affidavit of Jones, in which Jones attested that she was mopping the bathroom's floor when plaintiff entered the bathroom, and had placed "three wet floor signs prior to mopping the floor," so the signs were present when plaintiff fell.  This evidence was sufficient to establish that defendant warned invitees like plaintiff about the dangerous condition on defendant's land—the wet floor.  This shifted the burden to plaintiff to establish a question of fact whether defendant had breached its duty to warn invitees like plaintiff about the wet floor.  To do so, plaintiff relied on her deposition testimony in which she testified that she did not recall seeing any wet-floor signs on the ground or posted on the walls of the restroom before she fell.[2]  This established a question of fact whether there were signs warning about the wet floor in defendant's bathroom, and consequently there exists a question of fact whether defendant breached its duty to plaintiff.

Concluding differently, the trial court reasoned that "[w]hether the Plaintiff saw the signs does not go to whether they were there."  It is not apparent how this distinction makes a difference in this context.  If plaintiff testified that "there were no wet-floor signs" when she walked into the bathroom and someone asked plaintiff how she knew that, plaintiff would inevitably have to say that the basis for her belief was that she did not see any such signs.  So, while the trial court's distinction may be significant in other contexts, it is a distinction without a difference in the context of whether plaintiff's testimony that she did not see any wet-floor signs established a question of fact as to whether such signs were placed.

The trial court alternatively reasoned that plaintiff's testimony was "too tentative" and "too equivocal to establish an issue of fact under (C)(10)."  This was not a basis to conclude that plaintiff failed to establish a question of fact in this instance.  Plaintiff clearly testified that she did not see any signs warning about the water on the floor of the bathroom.[3]  Whether testimony is equivocal

---

[1] Defendant argues in passing that plaintiff failed to establish a question of fact whether defendant had notice of the water on the floor, but it is uncontested that Jones, defendant's employee, was mopping the floor of the bathroom when plaintiff entered the bathroom.  On the basis of this evidence, there is at least a question of fact whether defendant had notice of the water on the floor of the bathroom when plaintiff fell, regardless of where the water on the floor came from.

[2] Plaintiff also testified that she did not see anyone else in the bathroom until after she fell.

[3] Plaintiff testified as follows about the lack of wet-floor signs in the bathroom:

> *Q*.  Do you recall seeing a Wet Floor sign on the ground?
>
> *A*.  No, I don't think—no.
>
> *Q*.  Do you recall seeing any Wet Floor signs on the walls of the restroom?
>
> *A*.  No.
>
> *Q*.  Is it possible that there were Wet Floor signs out and you just did not see them?
>
> *A*.  No.

or tentative generally goes to the weight of the testimony, and it is improper for courts to weigh evidence at the summary-disposition stage. See *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 480; 776 NW2d 398 (2009). Accord *Estate of Trueblood*, LLC, 327 Mich App at 286 ("Although [the witnesses] did not see any ice, this goes to the weight of their testimonies about the ice, not to whether there was in fact ice on the sidewalk.").

Defendant contends that plaintiff's testimony about the wet-floor signs cannot create a question of fact because it is inconsistent with other portions of plaintiff's testimony, but nothing in plaintiff's testimony is inconsistent with her assertion that she did not see any signs warning about the water on the floor of the bathroom when she walked in. Defendant highlights plaintiff's testimony that, after her fall, she (1) saw someone rush out of the bathroom and come back and place a sign before getting help and (2) fainted and woke up to her mother standing over her. These assertions are not necessarily contradictory because it is possible that plaintiff remained conscious for some amount of time after she fell before she fainted. But even if these assertions are contradictory, neither assertion contradicts plaintiff's testimony that she did not see any wet-floor signs when she walked into the bathroom, which is the parties' central disagreement.

Defendant alternatively contends that plaintiff's testimony cannot establish a question of fact because she testified that she did not remember what occurred. While it is true that plaintiff had a hard time remembering certain details and said as much during her deposition, it is also true that plaintiff testified that she did not see any wet-floor signs or other signs warning about the water on the floor of the bathroom before she fell. She never testified that she could not remember whether she saw signs warning about the water on the floor of the bathroom before entering the bathroom; she affirmatively testified that she did not see such signs.

Defendant lastly makes a cursory argument that plaintiff failed to establish a question of fact as to whether defendant's breach of duty was a cause in fact of her injuries. To establish causation, a plaintiff must prove that the defendant was both the factual cause, as well as the proximate cause, of the plaintiff's injuries. *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017). "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994).

Plaintiff alleges that she slipped and fell on water in defendant's bathroom that defendant had notice of but failed to warn her about, and that she was injured as a result of her fall. Defendant argues that "Plaintiff introduced no evidence to establish a causative link between the fall and some conduct by Defendant." This argument is unpersuasive because plaintiff is claiming that she was injured as a result of a dangerous condition on defendant's land, not by any conduct by defendant. That is, plaintiff's claim sounds in premises liability, not ordinary negligence. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed*, 512 Mich 95 (explaining that a plaintiff's claim sounds in premises liability rather than ordinary negligence if "the plaintiff's injury arose from an allegedly dangerous condition on the land"). When a claim sounds in premises liability, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land," not from the defendant's conduct. *Id*. See also *Bailey*, 494 Mich at 604. Plaintiff presented evidence establishing that defendant knew or should have known that it had water on the floor of its bathroom but failed to warn invitees like plaintiff about it, that plaintiff slipped on the bathroom's wet floor, and that she suffered injuries as a result of that fall. This evidence was sufficient to

create a question of fact whether defendant's failure to warn plaintiff about the dangerous condition on defendant's land (i.e., the breach of defendant's duty) was a cause in fact of plaintiff's injuries.[4]

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[4] In light of our conclusion that the trial court erred by granting defendant's motion for summary disposition, it is unnecessary to address plaintiff's argument that some of the evidence on which the trial court relied to grant that motion was inadmissible hearsay.