*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROOSEVELT SMITH,

　　　　　　　Plaintiff-Appellant,

v

MCLAREN GREATER LANSING,

　　　　　　　Defendant-Appellee.

UNPUBLISHED
July 08, 2025
10:45 AM

No. 371627
Ingham Circuit Court
LC No. 22-000687-NO

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This case arises out of injuries plaintiff sustained while trying to get up from an allegedly defective chair on defendant's premises. Plaintiff went to defendant's premises (a hospital) on June 9, 2021, for a routine blood draw. There were three nurses working in the blood-draw lab, but plaintiff did not get any of their names. Plaintiff testified that, after one of the nurses drew his blood, she directed him to sit in a swivel chair. Plaintiff did so, but when he went to get up, he "fell backwards" because the chair "was defective." While plaintiff's testimony is not a model of clarity, as best we can tell, plaintiff believed that the chair was defective because it leaned back too far. According to plaintiff, after he fell, "[t]he nurses said something was wrong with the chair and they were sorry, really sorry, we're really sorry." Plaintiff's wife, Joyce Smith, testified that she was waiting for plaintiff in a separate room but could see plaintiff through a window. Joyce saw plaintiff sit in the chair, and while she did not see him fall, she "figured something happened" to him when she saw the nurses rushing over to where she had seen plaintiff sit down. Joyce went to check on plaintiff and learned that he had fallen out of the chair. Both plaintiff and Joyce testified that Joyce then went to get a wheelchair and wheeled plaintiff to the emergency room on defendant's premises. There, according to plaintiff, he was told that he had "a closed-head injury and a neck injury and a shoulder injury."

Plaintiff filed the complaint giving rise to this action on October 11, 2022, alleging that defendant was liable for plaintiff's injuries under theories of premises liability and ordinary

-1-

negligence. Plaintiff later elaborated that his claim sounding in premises liability was that plaintiff was injured by a hazardous condition on defendant's property (the defective chair), while his claim sounding in ordinary negligence was that defendant's employee "direct[ed]" plaintiff "to what she knew was a defective chair."

Defendant eventually moved for summary disposition under MCR 2.116(C)(8) and (10), arguing in relevant part that plaintiff's evidence was insufficient to support that defendant was liable for plaintiff's injuries under either a theory of premises liability or a theory of ordinary negligence. According to defendant, the only evidence that could potentially support plaintiff's claims—plaintiff's testimony that a nurse told him to sit in the defective chair, and that the nurse said "something was wrong with the chair" after plaintiff fell—constituted inadmissible hearsay. Defendant concluded that, without the nurse's statements, there was insufficient evidence to support either of plaintiff's claims.

In response, plaintiff inexplicably did not address defendant's hearsay argument or explain why plaintiff's testimony about the nurse's out-of-court statements were admissible. But at the hearing on defendant's motion, plaintiff's counsel argued (without elaboration) that the hearsay testimony fell under "the present-sense exception."

After listening to the parties' arguments, the trial court issued a ruling from the bench. The court first noted that plaintiff was pursuing two separate theories of liability—premises liability and ordinary negligence. Addressing the premises liability claim first, the court concluded that defendant was entitled to summary disposition because plaintiff failed to present evidence establishing that defendant had actual or constructive notice of the allegedly defective chair. The court similarly concluded that no admissible evidence established that defendant's employee directed plaintiff to sit in the allegedly defective chair. The court accordingly concluded that defendant was entitled to summary disposition, and it entered an order granting defendant's motion on July 8, 2024.

This appeal followed.

## II. PRESERVATION

To preserve an issue for appellate review, a party must raise the issue in the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). While a party can make a more sophisticated or fully developed argument on appeal, the issue itself cannot be novel, as there exists "a general prohibition against raising an issue for the first time on appeal." *Id*. at 227-228. The party asserting error on appeal also "must show that the same basis for the error claimed on appeal was brought to the trial court's attention" so as to not "deprive[] the trial court of the opportunity to correct" the error in a timely manner. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, LLC, 347 Mich App 280, 289-290; 14 NW3d 472 (2023).

In the trial court, plaintiff argued only that his testimony about the nurse's out-of-court statements were admissible under the present-sense-impression exception to hearsay. See MRE 803(1). This issue is therefore preserved for appellate review.

Plaintiff did not argue before the trial court that the contested statements were admissible under MRE 803(2) as excited utterances; that they were admissible under MRE 801(d)(2)(A) as

-2-

party-opponent admissions; or that the statements were admissible under MRE 803(24) as party of the catchall exception to hearsay. Those issues are therefore unpreserved.

In civil cases, Michigan follows "the 'raise or waive' rule of appellate review." *Walters v Nadell*, 481 Mich 377, 387; 751 N.W.2d 431 (2008). Under this rule, if a party fails to preserve an issue for appellate review, the issue is deemed waived. *Id*. While there is a limited exception to this rule, see *Tolas Oil*, 347 Mich App at 289-290, we decline to exercise our discretion under this exception to review the issues that plaintiff raises for the first time in this appeal. Instead, we deem plaintiff's arguments that the nurse's statements were admissible under MRE 803(2), MRE 801(d)(2)(A), and MRE 803(24) to be waived due to his failure to raise these arguments below, and we decline to address them.

## III. STANDARD OF REVIEW

The trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), but it appears that the trial court granted summary disposition under only MCR 2.116(C)(10) because it considered information outside the pleadings. See *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506–07; 885 NW2d 861 (2016). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A (C)(10) motion is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006). When reviewing a motion brought under MCR 2.116(C)(10), a court is to consider "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 119-120. Any evidence considered by the court in support of or in opposition to a motion must be admissible, *id*. at 123, though "it does not have to be in admissible form," *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009).

The initial burden in a motion under MCR 2.116(C)(10) rests with the moving party, who can satisfy its burden by either (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted). In response to a properly supported (C)(10) motion, the nonmoving party cannot "rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell*, 273 Mich App at 229.

A trial court's decision to exclude evidence is reviewed for an abuse of discretion. *Elezovic v Ford Motor Co*, 472 Mich 408, 419; 697 NW2d 851 (2005). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007). To the extent that a trial court's decision to exclude the evidence involves a preliminary question of law, that issue is reviewed de novo. *Id*.

## IV.  ANALYSIS

Plaintiff argued that defendant was liable for his injuries under both a theory of premises liability and a theory of ordinary negligence.  Premises liability is a species of negligence, so the elements for a premises liability claim are the same as the elements of an ordinary negligence claim: the plaintiff must prove "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019) (quotation marks and quotation omitted).  The principal difference between a claim sounding in premises liability and one sounding in negligence is that a defendant's duty in a premises liability action arises out of his ownership or possession of land, *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014), whereas a defendant's duty in a negligence action generally arises "from a statute, a contractual relationship, or by operation of the common law," *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660-661; 822 NW2d 190 (2012).  If supported by the facts of the case, a plaintiff can do as plaintiff did here—pursue liability under both a theory of premises liability and a theory of ordinary negligence.  *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005) (opinion by NEFF, J.).  Plaintiff's respective theories of liability will be addressed in turn.

### A.  ORDINARY NEGLIGENCE

Plaintiff's theory that defendant was ordinarily negligent is based on the alleged conduct of defendant's employee.  See *id*. at 493-494 (explaining that a claim for ordinary negligence based on the [d]efendant's *conduct*" can form a "basis of liability, independent of premises liability").  Plaintiff argues, in relevant part, that defendant was negligent because its employee directed plaintiff to sit in a chair that the employee knew was defective.  Plaintiff supported this theory by testifying that the nurse working in the lab where his blood was drawn directed him to sit in the swivel chair that broke and caused his injures.  Defendant argued that this evidence could not sustain plaintiff's claim because it was inadmissible hearsay.

Hearsay is an out-of-court statement that a party offers to prove the truth of the matter asserted in the statement.  MRE 801(c).  Hearsay is inadmissible absent an exception.  MRE 802.

Plaintiff does not dispute that his testimony about the nurse's statement was hearsay, so we will assume for purposes of this appeal that it was.  Plaintiff argues that it was admissible under the present-sense-impression exception to hearsay in MRE 803(1), which states that the rule against hearsay does not extend to "[a] statement describing or explaining an event or condition made while or immediately after the declarant perceived it."  Plaintiff's testimony that the nurse told him to sit in a chair clearly does not fall within this exception because the nurse's statement was not describing or explaining an event or condition "while or immediately after [the nurse] perceived it."  MRE 803(1).  The nurse made this statement before plaintiff fell, and the statement was not describing or explaining anything.  Accordingly, the statement was not a present sense impression under MRE 803(1).  Without this evidence, plaintiff's ordinary negligence claim necessarily fails.  Plaintiff is therefore not entitled to reversal of the trial court's order dismissing plaintiff's ordinary negligence claim.  See *Quinto*, 451 Mich at 362 (explaining that a trial court properly grants a motion for summary disposition if the nonmoving party's evidence is insufficient to sustain its claim).

-4-

## B. PREMISES LIABILITY

A premises possessor's duty to a person on the land depends on that person's status on the land. *James v Alberts*, 464 Mich 12, 20; 626 NW2d 158 (2001). There can be no serious dispute that plaintiff was an invitee on defendant's premises because he was there for the commercial purpose of having a service performed. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 604; 614 NW2d 88 (2000) ("In order to establish invitee status, a plaintiff must show that the premises were held open for a commercial purpose."). A premises possessor owes an invitee a duty to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Estate of Trueblood*, 327 Mich App at 285. A premises possessor may be liable for an invitee's injuries that result from "a dangerous condition on the premises" if the possessor "fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). But before liability can attach, a plaintiff must establish that the premises possessor had "actual or constructive notice of the dangerous condition." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016).

Defendant argued that plaintiff could not establish that defendant had notice of the allegedly defective condition that caused plaintiff's injury. Plaintiff countered that he could because he testified that, after his fall, "[t]he nurses [working at defendant's facility] said something was wrong with the chair and they were sorry, really sorry, we're really sorry." Defendant objected to the admissibility of this evidence on grounds that it was inadmissible hearsay, and plaintiff argued at the hearing on defendant's motion that this statement was admissible under the present-sense-impression exception to hearsay.

When granting defendant's motion, the trial court did not rule on the parties' hearsay argument, saying only, "After completing discovery, which is closed in this case, neither actual[] nor constructive notice has been demonstrated by the evidence that's been produced through discovery." Given this explanation, it is clear that the trial court did not agree with plaintiff's argument that his testimony, even if admissible, established that defendant had notice of the defective chair. We agree. The nurse saying that "something was wrong with the chair" after plaintiff fell out of the chair does not demonstrate that the nurse (or anyone else) knew that the chair was defective before plaintiff fell; it instead suggests only that the nurse believed that "something was wrong with the chair" *after* plaintiff fell. Plaintiff did not testify that the nurse said anything that would tend to establish that defendant had actual or constructive notice of the defective chair before plaintiff's fall. We therefore agree with the trial court that plaintiff's evidence was insufficient to establish a question of fact whether defendant had notice of the dangerous condition that caused plaintiff's injury, so the trial court properly dismissed plaintiff's claim sounding in premises liability. See *Quinto*, 451 Mich at 362.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin